# Gaston *v.* The State.

## *Murder.*

(Decided May 20, 1909.   49 South. 876.)

1. *Indictment and Information; Selection of Grand Jurors; Irregularity.*—Unler section 7572, Code 1907, the facts that grand jurors were not legally drawn, or were irregularly drawn, affords no ground for attacking the regularity of the indictment so found.

2. *Homicide; Instructions; Self Defense.*—A charge asserting that if, after considering all the evidence, the minds of the jurors are in such a state of uncertanty that they cannot say beyond a reasonable doubt, whether defendant acted on a well founded and reasonable belief, that it was necessary to take the life of deceased to save himself from great bodily harm, or death, or that he shot before such impending necessity arose, then there is such doubt as will entitle the defendant to an acquittal, omits to hypothesize the defendant's freedom from fault in bringing on the difficulty, and was properly refused.

3. *Same.*—A charge asserting that if defendant shot under a bona fide belief that his life was in danger, and had under the circumstances reasonable cause to believe he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not, is a correct statement of the law of homicide.

4. *Same; Belief in Peril.*—Charges predicated on the defendant's belief in his peril at the time he fired the shot should hypothesize the fact that at the time he fired the fatal shot, he entertained an honest and reasonable belief of his peril, within the rule therefor, and failing to do this, are defective.

5. *Same.*—Charges on self defense which refer self defense to the jury without stating the elements thereof or defining it, are proprly refused.

6. *Charge of Court; Reasonable Doubt.*—A charge asserting that the absence of sufficiently satisfying evidence may be a ground of reasonable doubt of defendant's guilt, is proper and should be given.

7. *Charge of Court; Argumentative Instructions.*—Instructions which assert no proposition of law, but which are merely argumentative, are properly refused.

8. *Same; Unintelligible Instructions.*—Charges which use words improperly for other words, and are thus rendered unintelligible, are properly refused.

9. *Same; Misleading or Confusing Instructions.*—Charges which have a tendency to mislead or confuse the jury should not be given.

10. *Same; Burden of Proof.*—A charge which asserts that the burden of proof is upon the state to prove beyond a reasonable doubt

[Gaston v. The State.]

that the defendant is not free from fault, in bringing on the diffi-
culty before the defendant will be precluded from invoking the doc-
trine of self defense, and that the burden is not shiften to the de-
fendant and that the presumption of innocence abides with the de-
fendant until all the evidence in the case convinces the jury that the
defendant cannot be faultless is not a correct statement of the law
and· is properly refused.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Will Gaston was convicted of murder in the second
degree, and he appeals. Reversed and remanded.

The indictment charges the killing of Matthew Graves
by shooting him with a gun. The pleas in abatement
offered to the indictment were that the grand jury which
found said indictment were drawn from the jury box by
the judge of the circuit court, and that they were not
drawn in the manner authorized by law, in this: That
said D. W. Speake, said judge, unlocked and opened said
jury box and drew therefrom a large number of names,
which he laid aside, and that he only drew persons to
serve on said grand jury who lived in beats Nos. 1 and
19 in said county; that he would draw a name, and if
the name of the person so drawn was not a resident of
either beat 1 or 19 he would lay aside said name and
would draw another name, and he so continued to draw
said names from the jury box until he completed the
drawing of said grand jury. It is further shown
from said plea that the grand jury which re-
turned the indictment was drawn in the manner
aforesaid after the grand jury impaneled for the
regular term had been discharged, and that the
court did not cause an order to be entered on the min-
utes of the court commanding the sheriff forthwith to
summon 18 names, etc. Further ground for the motion
was that one of the grand jurors drawn was neither a
householder nor a freeholder of said county. The facts
sufficiently appear in the opinion.

The following charges were refused to the defendant:

"(B) The court charges the jury that it is a well-settled rule of law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to the party charged with a crime, it is the duty of the jury to give that which is favorable to the accused.

"(C) The court charges the jury that if there be any evidence in this case which admits of two constructions, one favorable to the defendant and the other unfavorable, they should adopt the one favorable to him."

"(27) If any juror, before pronouncing a verdict of guilty in this cause, feels the desire for more evidence tending to prove to him the guilt of the defendant beyond a reasonable doubt, the law requires him not to convict the defendant."

"(6) Whenever an act done by the defendant is capable of two constructions, one consistent with his innocense, the other tending to establish his guilt; it being the duty of the jury to put upon the act the construction with his innocence."

"(8) If the testimony in its weight and effect be such that two conclusions can be reasonably drawn from it, one favoring the defendant's innocence and the other tending to establish his guilt, you must adopt the former and return a verdict of not guilty."

"(24) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly consistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

[Gaston v. The State.]

"(11) I charge you, gentlemen of the jury, that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether this defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of the deceased to save himself from great bodily harm or from death, or that he shot before such impending necessity arose, then this is such a doubt as will entitle this defendant to an acquittal, and you should so find."

"(37) The court charges the jury that if the defendant was without fault in bringing on the difficulty, and if, at the time of the homicide, they appeared so apparently as to lead a reasonable mind to the belief that it actually existed, a present, impending, and imperious necessity, in order to save his own life, or in order to save himself from fatal bodily harm, to kill the deceased, then he had the right to shoot the deceased, and the jury must acquit him on the ground of self-defense."

"(31) If the defendant shot under a bona fide belief that his life was in danger, and had under the circumstances reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not."

"(21) I charge you that the absence of sufficiently satisfying evidence may be a ground for reasonable doubt of defendant's guilt."

"(D) Gentlemen of the jury, I charge you that the danger that will excuse one from killing another need not be real or actual. If the jury believe that all the appearances of danger surrounding the defendant at the time of the killing were such as to produce a reasonable belief in the mind of the defendant that his life was in danger, or that he was about to suffer great bodily harm,

and that the defendant was without fault in bringing on the difficulty, the law holds him guiltless and the jury must acquit him."

"(7) If, after considering the whole evidence, including the testimony of the defendant, you have a reasonable doubt as to whether the defendant shot the deceased in self-defense, or under such circumstances as to make him guilty of a crime, it is your duty to give him the benefit of the doubt."

"(29) I charge you, gentlemen of the jury, that the concurrence of all the jurors is essential to a verdict in this case; and unless each of you are convicted beyond a reasonable doubt of defendant's guilt from the evidence, and evidence alone, you cannot convict him."

"(35) The court charges the jury that the law does not require the necessity for taking life to be one arising out of actual or imminent danger in order to excuse the slayer, but he may rest upon belief, arising from appearances which give him reasonable cause for it, that the danger is actual and imminent, although he may turn out to be mistaken. The guilt of the accused must depend upon the circumstances as they appear to him, and he will not be held responsible for a knowledge of the facts, unless his ignorance arises from faults or negligence on his part; and if the defendant has reasonable cause from all the circumstances as they appeared to him that he was in actual and imminent danger, and if was without fault in bringing on the difficulty, and if by the exercise of reasonable care he saw no safe means of retreat without increasing his danger, then the jury cannot convict him."

"(43) The burden of proof is upon the state to prove to the jury from the evidence beyond a reasonable doubt that the defendant was not free from fault in bringing

[Gaston v. The State.]

·on the difficulty before the defendant will be precluded from invoking the doctrine of self-defense."

"(45) In this case the burden of proof is not shifted from the state to the defendant, and the presumption of innocense abides with the defendant until all the evidence in the cause convinces the jury that the defendant cannot be faultless."

TENNIS TIDWELL, E. C. NIX, and WERT & LYNN, for appellant.—Counsel discuss the organization of the grand jury, and insist that their pleas in abatement should have been sustained, but cite no authority in support thereof. They insist that the court erred in refusing charge A.—*Brown v. The State*, 118 Ala. 114. Also in refusing charges B and C.—*Prince v. The State*, 100 Ala. 144. Charge D was a proper charge.—*Grant v. The State*, 97 Ala. 35. Charge 11 should have been given.—*Harris v. The State*, 96 Ala. 27. Charge 27 should have been given.—*Kennedy v. The State*, 140 Ala. 9. Charge 6 should have been given.—*Miller v. The State*, 19 South. 40. Charge 8 was proper.—*Johnson v. The State*, 16 South. 105. The court should have given charge 29.—*Carter v. The State*, 103 Ala. 97. Charge 21 should have been given.—*Carwile v. The State*, 39 South. 232. Charge 24 was correct.—*Brown v. The State, supra.* Charge 7 should have been given.—*Miller v. The State, supra; Hurd v. The State*, 94 Ala. 100. Charge 43 should have been given.—*Ethridge v. The State*, 37 South. 337. Charge 45 was proper.—*Smith v. The State*, 68 Ala. 430.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State.—The court properly overruled the motion to quash the indictment.—*Forney v. The State*, 98 Ala.

[Gaston v. The State.]

119; *Kitt v. The State,* 113 Ala. 70; s. c. 117 Ala. 213; *Thompson v. The State,* 122 Ala. 12; *Bentley v. The State,* 30 South. 649. Charge A is bad.—*Johnson v. The State,* 133 Ala. 38; *Sanders v. The State,* 134 Ala. 74. Charges B and C were mere arguments. Charge D was properly refused.—*Mitchell v. The State,* 133 Ala. 65; *Harris v. The State,* 144 Ala. 20. Charge 11 was properly refused, as was charge 27.—*Shepherd v. The State,* 94 Ala. 102; *Newell v. The State,* 115 Ala. 54. Under the undisputed evidence in this case, the defendant was at fault in bringing on the difficulty, and hence, the court might with propriety have refused all the charges on self defense.—*Teague v. The State,* 120 Ala. 309; *Parrish v. The State,* 139 Ala. 16; *Skipper v. The State,* 144 Ala. 100. Charge 31 was condemned in *Pate v. The State,* 43 South. 343. Charge 6 and 8 were argumentative. Charge 7 was properly refused.—*Mann v. The State,* 134 Ala. 1. Charge 24 is an argument.— *Shirley v. The State,* 144 Ala. 35. Charge 43 was condemned in *Etheridge v. The State,* 141 Ala. 29. Charge 45 was properly refused on the authority of—*Adams v. The State,* 143 Ala. 66. Charge 37 was properly refused.—*Stallworth v. The State,* 146 Ala. 8; *Morris v. The State,* 146 Ala. 66.

McCLELLAN, J.—The conviction was of murder in the second degree. The objections, set up by way of abatement, to the indictment, because of alleged irregularities in constituting the grand jury returning the bill against this defendant, were not available, as is expressly provided in Code 1907, § 7572. These pleas were properly stricken. The only other matters of asserted error are special charges refused to defendant.

Charge 11 should have been given, and in my opinion its refusal was error. It is a copy of charge 6 approved

in *Harris' Case*, 96 Ala. 24, 11 South. 255. There is in this case an entire absence of evidence, and also of reasonable inference, leading to the conclusion that the defendant was at fault in bringing on the difficulty. The testimony shows, without dispute, that defendant's son was shot by Matthew Graves (the deceased) while the son and Graves were at a dance in the neighborhood of defendant's home. The wounded boy was brought to the defendant's home. Soon thereafter Graves came into the bedroom of defendant, and the testimony shows without dispute that the defendant ordered Graves to leave the place, and that after some delay Graves left the house. It was further shown, without dispute, that defendant, shortly after Graves left the house, started after a doctor for his wounded boy. As defendant was about to leave his room, some one suggested that he carry his gun, since Graves was in the yard, and hence in the dark, and in leaving the house defendant would be in the light, thus giving Graves advantage over defendant. Defendant took his gun as suggested. Defendant is the only witness examined as to what took place at the time of the killing. He thus states the circumstances: "Then I went between the bed and the wall and picked up a shotgun and started out of the house. I started down on the ground, and saw somebody standing out in the yard facing the house, and said, "Matthew Graves, why don't you go on away from here?' He said, 'No; I have not gone away from here, and I am not going.' Then I saw him make a move for his hip pocket with his right hand. I had the gun in my right hand and did not take time to raise it to my shoulder, but just pointed it at him and fired." There is not, in the record, a single circumstance or fact opposing, even inferentially, the quoted testimony of the defendant as respects fault vel non of the defendant in bringing on the difficulty. In order to impute fault to defendant

[Gaston v. The State.]

in bringing on the difficulty, it must be held that his direction of deceased to leave defendant's premises was wrongful. Such cannot be and is not the law. Defendant committed no hostile or menacing act, evinced no purpose, avowed no intent, other than any proprietor may rightfully imply towards a trespasser. In response to this the trespasser makes a hostile and menacing demonstration as if to draw a weapon. The proprietor, standing on the threshold of his home, with no duty to retreat upon him, shoots the threatening trespasser. The question treated in the charge was for the jury, and that unaffected by a qualification as to freedom from fault from bringing on the difficulty. If this defendant could possibly, under the evidence, be charged with being at fault, then no proprietor can with safety demand the departure of an intruder; for when he does he may be condemned as having been at fault, notwithstanding he is asserting, even without violence, his right of proprietorship. The fact that defendant had a gun cannot affect to color his act or words as unlawful or wrongful, because he had the right to make the demand of the intruder and also to carry his weapon to enforce the demand, so long as unnecessary force therewith was not employed, and the evidence shows, without dispute, that no use of the gun, or offer to use the gun, was attempted, or even indicated, until deceased made the menacing demonstration described. The case must be tried on the evidence, not the imagination.

Justices Simpson and Maxwell concur in the foregoing views anent charge 11; but a majority of the court entertain the opinion that the charge was well refused on the ground that it omits to hypothesize defendant's freedom from fault in bringing on the fatal difficulty, their view being that whether defendant was so free was, on the whole evidence, a jury question.

Charge 37 contains the inapt word "they," where doubtless, "there" was the word intended to be employed. As framed, its refusal was not error. Had the charge contained "there," instead of "they," it would probably have been faultless. See *Watkins Case,* 133 Ala. 88, 32 South. 627.

Charge 31 should have been given, and its refusal was error.—*Kennedy's Case,* 140 Ala. 9.

Charge 21 has been approved as charge 8 in *Carwile's Case,* 148 Ala. 585, 39 South. 220.

The following special charges were correctly refused to defendant, because argumentative, if not otherwise bad: B, C, 27, 6, 8, and 24.

Charge D was faulty in pretermitting the essential factor that at the time defendant fired the fatal shot he entertained an honest belief of his peril within the rule therefor.

There is no charge E set out in the bill.

Charge 7 refers self-defense to the jury, without defining it, and, as has been repeatedly held, was at least bad on that account.

Charges 29 and 35 include patently inapt terms, rendering them misleading or confusing, if, indeed, intelligible.

Charge 43 is substantially similar to the charge condemned by this court in *Etheridge's Case,* 141 Ala. 29, 37 South. 337. The dissent seems to have been mistaken, by counsel for appellant, for the court's ruling.

Charge 45 is similar to charge 9 condemned in *Adams' Case,* 133 Ala. 166, 175, 31 South. 851.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, DENSON, MAYFIELD, and SAYRE, JJ., concur.