(116 So. 312)
**DIAMOND v. STATE. (7 Div. 454).**

Court of Appeals of Alabama. April 3, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The statement of facts in appellant's brief appears to be correct by reference to the record. Appellant, a negro boy, was charged with the offense of murder in the first degree, and upon this indictment he was tried and convicted of murder in the second degree, and his punishment fixed at 18 years' imprisonment in the penitentiary. The testimony of the state, by its several witnesses, was, in substance, that said witnesses and about nine other white boys ranging from 12 to 20 years of age were at a wash hole in a creek, and that the defendant and his brother and another negro boy by the name of Felix Arbor began throwing rocks at the white boys at the pool and cursing the white boys; that, after they left the pool, the white boys and the negro boys again met up with each other, at which time the defendant knocked and kicked the deceased to the ground, but used no weapon of any kind, one of the witnesses testifying that the defendant stamped the deceased. The undertaker who handled the body testified that the body was bruised at the time he handled it. Another witness, Dr. W. H. Kinnebrew, also testified that he saw the deceased prior to his death, and that he had bruises on his body at that time. And Dr. J. W. Vansant, a witness for the state, testified that he saw the deceased before his death; that his body

was bruised; and that in his judgment the deceased had a hemorrhage of the kidneys, or rupture of the bowels, or both, and that this caused his death.

Testimony of the defendant and his witnesses tended to show that the three negro boys were at the wash hole when the thirteen white boys came there, and the white boys were cursing the negro boys and throwing rocks at them; that the negro boys then went to look at some fishhooks, and the white boys and negro boys met again on the road leading from the wash hole towards the home of the defendant; that the deceased was about 100 feet behind the defendant, and called to the defendant to stop, which defendant did; that the deceased thereupon asked the defendant what he meant by throwing rocks at them at the wash hole, and that the defendant stated that he did not throw any rocks at the white boys, but that the white boys were throwing rocks at them, and that at that time the deceased cursed the defendant, and struck him near the eye with his fist, causing the blood to flow; that the defendant then slapped the deceased with his open hand, and that the deceased then struck the defendant in the chest with his fist, and the defendant hit the deceased with his fist in the chest, and shoved him with his bare foot, and that the deceased then fell and later walked away.

Several witnesses testified to the good character of the defendant.

The state offered in rebuttal J. S. Tolbert, who testified that he arrested the defendant on the second day after the injury, and that he did not see any bruises or cuts on the defendant's face or arms when the arrest was made.

From the foregoing, there appears a direct conflict between the testimony of the state witnesses and that of the defendant and his witnesses as to who was the aggressor in the difficulty between these parties.

■ The first insistence of error relates to the court's action in denying the motion for continuance of the case because of the absence of a material eyewitness of the defendant. In this connection the case of Seay v. State, 207 Ala. 453, 93 So. 403, is cited. It is apparent that the witness Felix Arbor was important to defendant's case. Also that defendant had made every effort to secure his attendance upon this trial. However, this case as to facts and conditions, on the question of continuance, is materially different to the Seay Case, supra, wherein the Supreme Court placed the trial court in error for failure or refusal to continue. Matters of continuances of causes rest within the sound discretion of trial courts, and, unless an abuse of such discretion clearly appears, the court will not be placed in error. Moreover, the defendant, by direction of the court, and without objection by the state, was allowed to read in evidence a full showing as to what the defendant expected to prove by the absent witness. It is true that probably a written showing may not have the effect or weight that the personal testimony of a witness might carry; yet this manner of procedure has been provided by law, and under the conditions here shown we are not willing to assert and hold that there was apparent an abuse of the inherent discretion with which the trial court was vested. We cannot therefore put the court to error for refusing to grant defendant's motion for a continuance of the cause upon the grounds stated.

■ Under the authority of Hussey v. State, 87 Ala. 121, 6 So. 420, we are of the opinion that the witness, J. F. Aderhold, should have been permitted to answer the question, "Well, have you ever heard of him (defendant) being in any fights?" This witness had testified, "I know the defendant here, and have known him several years; I live at Ladiga, in the same community where this defendant lives." In the Hussey Case, supra, the Supreme Court said:

"We hold that the circuit court erred in excluding the question propounded as to whether the two witnesses * * * had ever heard of the defendant's having any other difficulty except the one in question. It was equivalent to the inquiry, whether the witnesses had ever heard anything against the character of the defendant for quiet, peace, or good order; and should have been allowed."

■ While refused charges (f) and (g) were approved in Martin v. State, 90 Ala. 602, 8 So. 858, 24 Am. St. Rep. 844, in the later case of Williams v. State, 140 Ala. 10, 37 So. 228, the Supreme Court held it was not error to refuse charges of this import.

■ Charge (e) refused is an exact copy of charge 14 in the case of Chaney v. State, 178 Ala. 44, 59 So. 604. In that case the charge was given approval by Mr. Justice Anderson, for the court. It follows that its refusal in this case was error.

■ We are not willing to put the court in error on the exception reserved to the oral charge. The excerpt complained of, by exception, must be considered in connection with the entire oral charge as well as those given, and, when so taken, error does not appear.

For the errors designated, the judgment of conviction, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.