21 So.2d 703

### SCOTT v. STATE.
### 7 Div. 830.

Supreme Court of Alabama.

April 12, 1945.

John D. Bibb, of Anniston, for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., opposed.

THOMAS, Justice.

The Court of Appeals passed upon the sufficiency of the evidence to support the verdict of the jury and judgment of the trial court thereon.

The state had made out a prima facie case by one witness and rested. The defendant then introduced his testimony. Thereupon the state was permitted to offer the testimony of another witness over the objection and exception of the defendant. The Court of Appeals properly held that there was no error committed by the trial court, "in permitting the State to examine Lee, after the defendant had closed his evidence," because such action of the trial court "was discretionary, notwithstanding the evidence was not in rebuttal, and should more properly have been brought out before the State rested. Nicholson v. State, 149 Ala. 61, 42 So. 1015." In this action of the trial court there was no abuse of the rule long prevailing in this jurisdiction, as stated by Chief Justice Stone, in Riley v. State, 88 Ala. 193, 196, 7 So. 149, as follows:

"When witnesses are placed under the rule, it is discretionary with the presiding judge to permit exceptions to its enforcement; and to allow witnesses previously examined to be recalled at any stage of the trial is also a matter of discretion, which cannot be reviewed. [1 Brick. Dig.] p. 886, § 1174."

This decision has been followed in Nicholson v. State, supra; Lambert v. State, 208 Ala. 42, 93 So. 708; Floyd v. State, 245 Ala. 646, 647, 18 So.2d 392.

In 1 Brickell's Digest, p. 886, § 1174, it is said of our earlier cases that: "The time and manner of introducing and closing the evidence in a suit are necessarily within the judicial discretion of the presiding judge. So where a witness was allowed to be examined in a suit by a defendant after the plaintiff had closed his rebutting testimony, on the ground (as expressed by the court) that new facts had been disclosed, such decision held not revisable on error. Hutchins v. Childress & Baker, 4 Stew. & Port. 34; Gayle v. Bishop, 14 Ala. 552. The court may in its discretion decline to permit the defendant to introduce evidence after the plaintiff has closed his evidence in rebuttal. Borland v. Mayo, 8 Ala. 104."

We cannot say that the trial court exercised its discretion improperly and the petition for certiorari must, therefore, be denied. It is so ordered.

Writ denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.