22 So.2d 449

**NIX v. STATE.**

6 Div. 166.

Court of Appeals of Alabama.

May 15, 1945.

Rehearing Denied June 5, 1945.

Horace C. Alford, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for the offense of assault with intent to murder and convicted of the lessor charge—assault with a weapon.

Without conflict in the evidence, the defendant shot, with a pistol, the party named in the indictment. She claimed self defense. The difficulty occurred on the inside of a cafe which at the time was being operated by appellant.

In view of the conclusions we have reached with reference to the questions presented by the record, it will not add any value to this opinion to set out the tendencies of the evidence.

In his closing argument to the jury, the solicitor stated: "These negroes were running a honky tonk out there." The trial court overruled objections to this statement and exceptions were duly reserved.

In brief filed by the Assistant Attorney General it is urged that the question is not properly presented for review by this court because of the omission of a motion to exclude the statement. It seems now to be well settled by our authorities that this is no longer required. American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Waller v. State, 30 Ala.App. 168, 4 So.2d 906.

When the question of reviewing argument of counsel to juries is presented, each case poses issues, facts and atmosphere which are dissimilar to former adjudicated cases. The decision must be reached, therefore, with this very important consideration in mind. Mitchell v. State, 18 Ala.App. 471, 93 So. 46.

Statement of counsel to be objectionable "must be made as of fact; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury." Cross v. State, 68 Ala. 476; McGrew v. State, 21 Ala.App. 266, 107 So. 328.

The statement in question was made as a fact. This cannot be denied. Did it find

138

support in the evidence? Honky Tonk is a title or name employed to denote a public place. Its general use has developed in recent years. In our quest for a defined meaning of the term, we were compelled to examine authorities of modern publication. In Webster's New International Dictionary, Second Edition, at page 1196, and Cumulative Annual Pocket Part of 19 Words and Phrases, Perm.Ed., we find the definition to be: "A low drinking resort."

See also, Missouri Pac. R. Co. v. Price, 199 Ark. 346, 133 S.W.2d 645.

The evidence in the case at bar discloses that appellant was operating a cafe, in which there was a rockola. Food and soft drinks were served, but no beer or whiskey was sold. The place was styled, "Rainbow Cafe." It was here the encounter, the basis for this prosecution, took place. The testimony is silent if the establishment was ever infected with rowdyism or unbecoming conduct. No one testified that people resorted to the place for the purpose of drinking whiskey or beer. On the contrary, appellant introduced evidence of her good character, and among her witnesses were some police officers whose assigned duties familiarized them with the defendant's cafe. They stated that appellant's character was good and that she had never given them any trouble.

In the case of Rowe v. State, 20 Ala. App. 119, 101 So. 91, 92, the defendant was on trial for violating the prohibition law. The evidence for the State was to the effect that a copper worm and some connections—parts of a still—were found locked in a trunk in defendant's home. In his argument to the jury, the solicitor stated: "Why, if the court please, he had a whisky still in that house at that time."

"The defendant would sell liquor to the boys" (meaning the boys of the county) was a statement made to the jury by the solicitor in Roden v. State, 3 Ala.App. 202, 204, 58 So. 72, 73. The charge involved was violating the prohibition law.

The defendant in the case of Brooks v. City of Birmingham, 31 Ala.App. 496, 19 So.2d 74, 75, was on trial, charged with carrying a concealed pistol. The solicitor declared to the jury: "He is just a gangster."

In the recent decision of our Supreme Court in Ex parte Johnson (Ike Johnson v. State), 22 So.2d 105,[1] during the argument

to the jury the solicitor said: "I have never tried a case where the law abiding, self-respecting citizens have got their attention aroused and their eyes on this jury as they have in this case. They are calling on you men. * * *" The defendant was on trial for assault with intent to murder.

■ In each of the four cases just cited above, it was held the statement quoted was not supported by the evidence and was unauthorized and prejudicial to the defendant. By analogy and comparison, we are forced to the view that the assertion in the instant case comes well within the influence of these cited authorities. Did the aggrieved statement tend naturally to influence the finding of the jury? We entertain the opinion that it did. If the unauthorized declaration of the prosecuting officer led the jury to believe that appellant was running a "low drinking resort," this was calculated to prejudice their minds against the interest of the defendant, who admittedly was proprietress of the cafe.

For other authorities which lend support to our conclusions, see: Dollar v. State, 99 Ala. 236, 13 So. 575; Dunmore v. State, 115 Ala. 69, 22 So. 541.

■ Written charge refused to defendant, number 1, is faulty, if not otherwise, in the use of the inapplicable word "intimate".

■ Refused charge number 2, under the evidence in this case, is abstract and invasive of the province of the jury.

■ Refused charge numbered 4 has been frequently before the appellate courts for review. The same charge was approved in Harris v. State, 96 Ala. 24, 11 So. 255; Chaney v. State, 178 Ala. 44, 59 So. 604; and in Diamond v. State, 22 Ala. App. 410, 116 So. 312. In each of these cases the court pointed out that the defendant was under no duty to retreat and there was no evidence of his fault in bringing on the difficulty. The approval was based on these uncontroverted factual hypotheses. In the instant case, appellant was in her place of business and therefore was not required to retreat. Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509; Jones v. State, 76 Ala. 8; Hicks v. State, 21 Ala.App. 335, 108 So. 612.

■ This immunity was overlooked by the trial judge in his charge to the jury. There remained in the self defense plea the

---

[1] 246 Ala. 630.

element or doctrine of freedom from fault, which in the case at bar was a question to be determined by the jury under the conflicting evidence.

In this state of the record the charge was refused without error as is demonstrated by the following authorities. Gaston v. State, 161 Ala. 37, 49 So. 876; Forman v. State, 190 Ala. 22, 67 So. 583; McCarty v. State, 22 Ala.App. 62, 112 So. 184; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412; Smith v. State, 243 Ala. 254, 11 So.2d 471; Haney v. State, 20 Ala.App. 236, 101 So. 533.

Refused charge 5 is elliptical. Moreover, the principle attempted to be stated therein was fully covered by the court's oral charge.

We do not consider it necessary to discuss the questions presented by the few objections and exceptions taken during the introduction of the evidence. They are of minor importance and will not likely recur on another trial of the cause.

For error pointed out the judgment of the lower court must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.