61 So.2d 249

## ROGERS v. STATE.
### 2 Div. 832.

Court of Appeals of Alabama.
Oct. 28, 1952.

Reginald Richardson, Greensboro, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

PRICE, Judge.

This case arose from the same facts and circumstances as that of Travis Cromer v. State recently decided by this court and reported in ante, p. 540, 60 So.2d 379.

Appellant was convicted of larceny of the same two calves involved in the Cromer case. The material facts and circumstances for the State as to the truck wreck, the tying up of the calves and the persons found at the scene are fully set out in that case, and are adopted as the facts of this case.

Mr. John Otts, deputy sheriff, after proper predicate was laid, testified defendant said he would tell the facts and get it off his chest. He told the officers he was at Hillcrest Gardens Night Club when he heard the truck had turned over. He and several others, including Cromer, decided to go and get some of the calves and that Mr. Terry said he would keep them in his pasture. Defendant and Cromer left in his car to go to the cotton mill to get some rope and met the others at the wreck, but stated he did not get out of the car and did not catch any of the calves.

Defendant denied telling Mr. Otts he went to steal the calves. He said he told him he went to see the wreck and knew nothing about the cows being tied up. He testified he and Cromer went to the cotton mill to take a boy home who was drunk and then drove to the wreck. They started to join their friends when a truck came over the hill, and seeing his friends jump the fence and run, appellant did the same thing. When he came back to his car, he rode up and down looking for the other boys. About daylight Mr. Sherrer stopped him.

The proof of the asportation was sufficient to sustain the charge of larceny. Cromer v. State, supra. The motion to exclude the evidence was properly overruled.

Murphy McKinley testified he knew defendant's general reputation in the community, and it was good. On cross-examination the witness stated he based his testimony on his personal knowledge. On motion of the State, the court excluded his testimony. On redirect examination the witness was asked: "Q. You state that his general reputation in the community in which he lives is good?" The witness answered: "A. Yes, so far as I know. I don't pay no attention to what I hear." The court stated: "Gentlemen of the Jury, the court's remarks to you still hold true. You are to disregard the testimony of this witness."

In this there was no error. The court may, ex mero motu, exclude improper evidence at any stage of the trial. Liner v. State, 124 Ala. 1, 27 So. 438; Vaughn v. State, 130 Ala. 18, 30 So. 669; Jarvis v. State, 138 Ala. 17, 34 So. 1025.

S. D. Buck, a State witness, testified defendant's character was bad. On cross-examination he stated he based such testimony on his personal contact, as a police officer, with defendant. A motion to exclude the testimony was granted. On redirect examination he stated he knew defendant's general reputation in the community where he lived and it was bad. The court stated: "The last testimony of the witness, gentlemen, is for your consideration."

By this remark of the court the matter was properly made clear to the jury, and such action did not constitute reversible error.

Appellant complains of the court's refusal to consider requested charges because they were presented to the court at the conclusion of the oral charge.

The trial court cannot fix the time at which charges should be presented for consideration. If they are presented at any

604

time during the trial and before the jury retires they must be given or refused, as provided for by Title 7, Section 273, Code 1940. Northcot v. State, 43 Ala. 330; Jackson v. State, 24 Ala.App. 601, 139 So. 576; Porter v. State, 27 Ala.App. 441, 174 So. 313, certiorari denied 234 Ala. 11, 174 So. 311.

However, in this case no exception was reserved to the court's refusal to consider the charges, and nothing is presented for our review. Pate v. State, 246 Ala. 521, 21 So.2d 552; Kiker v. State, 233 Ala. 448, 172 So. 290.

Before entering upon trial appellant's counsel moved for a continuance on the ground he had been employed on November 5, 1951, the day set for trial and had not had sufficient time to prepare an adequate defense. The court's order denying the motion set up the fact that defendant made bond, after arrest, on September 15, 1951, and had had ample opportunity to employ counsel.

The granting or refusing of a continuance is largely within the sound discretion of the trial court, and the exercise of such discretion is not reviewable, except for gross abuse. Peterson v. State, 231 Ala. 625, 166 So. 20; Burns v. State, 226 Ala. 117, 145 So. 436; Newman v. State, 30 Ala.App. 529, 9 So.2d 768.

It is not made to appear that the trial court abused its discretion in denying the motion for a continuance.

There being no error in the record, the judgment is affirmed.

Affirmed.