149 So.2d 818

Edward YESSICK, Jr.

v.

STATE of Alabama.

7 Div. 541.

Supreme Court of Alabama.

July 26, 1962.

Rehearing Granted Jan. 17, 1963.

Further Rehearing Denied Feb. 21, 1963.

McKay & Livingston, Sylacauga, and Rogers, Howard, Redden & Mills, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant was indicted for murder in the first degree growing out of the killing of Vester Lee Taylor, Jr., by cutting or stabbing him with a knife. Appellant entered pleas of not guilty, not guilty by reason of self-defense, not guilty by reason of insanity, and not guilty by reason of temporary insanity. The jury returned a verdict of murder in the second degree and fixed appellant's punishment at imprisonment for thirty years. His motion for a new trial was overruled.

The defendant was the owner of a restaurant just outside of Sylacauga, in Talladega County, where the fatal occurrence between him and the deceased took place. Apparently, no one witnessed the entire affair, although there were witnesses who testified they saw the defendant stab the deceased. In fact, the defendant testified that he stabbed him, but did so in self-defense after seeing the deceased coming towards him with a knife. When the officers arrived at the scene the deceased was found lying behind the counter in the restaurant, having sustained multiple stab wounds. A bloody steak knife was found on the premises and identified as the weapon used. The defendant was apprehended at the scene and was covered with blood and showed evidence of having been in a struggle. He had a laceration type wound on one of his hands.

The evidence for the defendant shows that there had been some prior difficulty between him and the deceased and that the defendant had had the deceased arrested for misconduct in his place of business. There was also other evidence of threats made by the deceased against the defendant.

The defendant took the stand and was the only witness to testify about the entire altercation. He testified that it began when the deceased sneaked up behind him while he was behind the restaurant counter and attempted to stab him with a steak knife; that someone yelled to him and he turned around and saw the deceased with the knife in a position ready to strike him; that they struggled for the knife and a considerable fight followed; that all of this took place behind the counter; that at the end of the struggle he was on top of the deceased and had the knife; and that he was not sure about the exact events that transpired during the struggle.

The defendant also offered testimony of his good character.

Appellant charges the trial court with error in the following respects:

. 1. In allowing the state's witness, Dr. John Rayfield, to testify about the condition of a body, without prior testimony identifying the body as being that of Vester Lee Taylor, Jr.

2. In allowing Dr. Rayfield to testify to the cause of death when at the time no testimony was in evidence identifying the body about which the witness was testifying.

3. In sustaining the state's objection to the following question propounded by the defendant on his cross-examination of the state's witness Murphee, viz:

"Q. You are not too sure about what did happen down there?"

4. In overruling defendant's motions for a mistrial and a new trial based on the cumulative effect of repeated prejudicial statements and conduct by the solicitor and a witness for the state during presentation of the state's case.

5. In refusing to give defendant's requested charges Nos. 6, 8, 11, D, DD, H, S, X and Z.

### 1 and 2

The trial court admitted this testimony with the understanding that it be "connected up." This was done by subsequent testimony. It has been held that "[t]he trial judge may determine the order of proof" in a criminal case. McDowell v. State, 238 Ala. 101, 105, 189 So. 183, 185; Scott v. State, 246 Ala. 545, 546, 21 So.2d 703; Scott v. State, 141 Ala. 1, 5–6, 37 So. 357. Accordingly, the trial court did not commit error in admitting the testimony at this stage of the trial.

### 3

The record discloses that this witness was fully cross-examined by counsel for defendant. Aside from the rule that the scope and extent of cross-examination are within the trial court's sound discretion (Jordan v. State, 267 Ala. 361, 365, 102 So. 2d 4; Burgess v. State, 256 Ala. 5, 11, 53 So.2d 568; Cox v. State, 162 Ala. 66, 68, 50 So. 398), this question was argumentative in form and, for that reason, it was not error to sustain the state's objection to it.

### 4

In each instance complained of, the defendant's objection was sustained and the jury instructed to disregard the solicitor's remarks. The jury was also instructed to disregard the voluntary statements made by the sheriff during his examination. We cannot say that the several rulings of the trial court denying defendant's motions for a mistrial constituted, separately or collectively, error to reverse. From an examination of the entire record, consisting of more than 400 pages and disclosing a hard fought trial, it does not appear that the excluded remarks of the solicitor and the sheriff were of such nature as to have probably injuriously affected substantial rights of the defendant. Rule 45, Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXXVII; Recompiled Code 1958, Tit. 7, Appendix, p. 1182.

### 5

Charges Nos. 6, 11 and D are substantially covered either by the trial court's oral charge or charges given at the request of the defendant. These charges were properly refused.

Charge No. 8, as it appears in the record, is elliptical and does not state a correct principle of law. It was properly refused.

Charge No. DD is as follows:

"I charge you, gentlemen of the jury, that if you believe from the evidence that the deceased made a sudden unprovoked murderous attack upon defendant, deceased at the time being armed with deadly weapon and in the act of effectuating upon the defendant his murderous purpose, then, I charge you, the defendant was under no duty to retreat but had the right to stand his ground and his assailant."

Undoubtedly, this charge is based on charge A which was approved in Johnson v. State, 257 Ala. 644, 60 So.2d 818, charge A approved in Hays v. State, 225 Ala. 666, 667, 145 So. 134, and charge 4 approved in Walker v. State, 220 Ala. 544, 548, 126 So. 848.

The trial court, in its oral charge, instructed the jury that "there is no duty on a person to retreat when he is in his own home or on his own premises." There was

no dispute that the fatal encounter took place in defendant's restaurant. The effect, then, was to charge the jury that the defendant was under no duty to retreat. This was more favorable to defendant than would have been the giving of charge DD.

At defendant's request, the trial court gave the following charge:

"The Court charges the jury that, if you find from the evidence that the defendant was in his own place of business at the time he was attacked by deceased, or was threatened by deceased with a deadly weapon, then the defendant was under no duty to retreat."

This charge is more favorable to the defendant than charge DD, and again emphasized to the jury that the defendant was under no duty to retreat. The substance of charge DD is that if the jury found that defendant was under a sudden, unprovoked, murderous attack by the deceased, who was armed with a deadly weapon, then the defendant was under no duty to retreat. The substance of defendant's given charge is that defendant was under no duty to retreat if he "was threatened by deceased with a deadly weapon." This given charge was more favorable to defendant than charge DD. Our view is that these instructions to the jury rendered innocuous any possible error in the refusal of charge DD even if it could be said that charge DD is substantially the same as the charges approved in the Johnson, Hays and Walker cases.

Charge No. H is elliptical and was properly refused for that reason.

 Charge No. S invades the province of the jury and is also confusing. There was no error in refusing it.

 Charge No. X is not hypothesized on defendant's freedom from fault in bringing on the difficulty. Such a charge has been approved when there is no evidence that defendant has done anything to provoke the difficulty. See: Brooks v. State,

263 Ala. 386, 388–389, 82 So.2d 553. However, we think there was sufficient evidence on the issue of defendant's freedom from fault in bringing on the difficulty to make it a jury question, thus rendering the charge faulty. See: Brooks v. State, supra; Chaney v. State, 178 Ala. 44, 49, 59 So. 604; Gaston v. State, 161 Ala. 37, 45, 49 So. 876.

 The refusal of charge No. Z was not error. It is involved and tends to mislead. To put a trial court in error for refusing a written charge, it must be free from involvement and misleading tendencies. Jackson v. State, 272 Ala. 566, 567, 133 So.2d 210.

Being mindful of our duty in cases of this character, we have carefully examined the entire record, and all questions presented have been duly considered. Our conclusion is that the record is free of error prejudicial to the substantial rights of defendant.

The original opinion is withdrawn, the state's application for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is affirmed.

Affirmed.

All the Justices concur.