184 So.2d 362

**STATE of Alabama**

**v.**

**William N. OWEN, Jr., et al.**

**1 Div. 281.**

Supreme Court of Alabama.

March 17, 1966.

Harry Hardy, Sp. Asst. Atty. Gen., and Tyson, Marr & Friedlander, Mobile, for appellant.

Lyons, Pipes & Cook, Mobile, for appellees.

GOODWYN, Justice.

This is an eminent domain proceeding brought by the State (Code 1940, Tit. 19, Chap. 1) to acquire a right-of-way for highway purposes.

The proceeding originated in the Mobile County probate court where there was an award of $5,000. From the order of condemnation there made, the State appealed to the circuit court of the county, where a trial de novo (Code 1940, Tit. 19, § 17) was had before a jury. The only issue was the amount of damages and compensation, if any, to be awarded the landowners. The jury fixed the amount of the award at $17,000. A judgment of condemnation followed. The State then filed a motion for a new trial. The motion was overruled. The State brings this appeal from the judgment of condemnation and also from the judgment overruling its motion for a new trial.

The argued assignments of error are that the trial court erred in refusing to give charges 1, 3, 7 and 14, requested by the State, and in overruling the State's motion for a new trial on the ground of excessiveness of the verdict. Our conclusion is that reversible error is not made to appear, and that the judgments are due to be affirmed.

■ Aside from any other reason, requested charges 1, 3 and 14 were properly refused since they were substantially and fairly covered by the trial court's general charge to the jury. Code 1940, Tit. 7, § 273, provides that "[t]he refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties." See: Hamrick v. Thompson, 276 Ala. 605, 610, 165 So.2d 386; Southern Electric Generating Company v. Howard, 275 Ala. 498, 501, 156 So.2d 359.

■ Aside from any other reason, requested charge 7 was refused without error since it was substantially and fairly covered by the State's given charges 6 and 13. Also, charge 7 contains a misspelled word, thereby justifying its refusal. See: Milford v. Tidwell, 276 Ala. 110, 114, 159 So.2d 621.

■ The witnesses' estimates of compensation and damages varied from a low of $2900 to a high of $23,500. Our view is that, under the evidence, the amount of the award was peculiarly the prerogative of the jury to determine. We find no basis for saying that the award was due to bias, passion, prejudice, corruption or other improper motive on the part of the jury. The trial court's conclusion that the award was

not excessive lends strength to our holding.

The judgments appealed from are due to be affirmed.

Judgments affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ. concur.