280 So.2d 794

**Charlie Will CORE**

v.

**STATE.**

**5 Div. 108.**

Court of Criminal Appeals of Alabama.

May 1, 1973.

Rehearing Denied May 29, 1973.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Lee County, Alabama, indicted appellant for murder in the second degree. The Jury's verdict found the appellant guilty as charged, and its verdict and judgment set sentence at thirty years imprisonment in the penitentiary. Appellant's motion for new trial was denied.

The testimony of the State's witnesses showed that on Friday, December 3, 1971, Jack Hill, Richard Childs, Eddie James Carlisle, Benjamin Franklin Brundage (the deceased), and the appellant went to a vacant lot behind Jack Hill's house in Auburn, Alabama, to shoot dice. A dispute arose over the number showing on the dice, and appellant swung twice at Brundage, hitting him once. Appellant then pulled a .22 caliber pistol from his right-hand pocket, and two shots were fired. One shot struck Brundage in the stomach, resulting in his death. Richard Childs testified that he told appellant that he had shot Brundage, and appellant replied,

Richard D. Lane, Auburn, for appellant.

"Well, I didn't mean to do it. If I did, I'm sorry."

There was no testimony offered on behalf of appellant.

## I

Just prior to striking the jury, counsel for the appellant moved for a preliminary hearing, which was overruled. This ruling was correct.

■ It is well settled that after a person has been indicted, the failure to bring him before a committing magistrate becomes a moot question, since he is, after the action of the grand jury, not being held upon a mere warrant of arrest signed by an aggrieved citizen, but rather by reason of a solemn bill of indictment for which he must answer in the circuit court. Trammell v. State, 43 Ala.App. 308, 189 So.2d 760; Queor v. State, 278 Ala. 10, 174 So. 2d 687; Manning v. State, 43 Ala.App. 182, 185 So.2d 145; Bowman v. State, 44 Ala.App. 331, 208 So.2d 241.

## II

At the conclusion of the trial court's oral charge, but before the Jury had retired, counsel for appellant twice presented eleven written charges to the trial court. The court refused to rule on these instructions stating that it was "too late to give them now." (R. p. 76) Such action was erroneous. An exception to this action was duly noted by defense counsel.

■ This court pointed out in Coatney v. State, 49 Ala.App. 385, 272 So.2d 593, that a trial court cannot fix any particular time during a trial at which written charges must be presented. Porter v. State, 234 Ala. 11, 174 So. 311; Jackson v. State, 24 Ala.App. 601, 139 So. 576.

If written charges are presented at any time during the trial and before the jury retires, they must be marked "given" or "refused," as provided for by Title 7, Sec-

tion 273, Code of Alabama 1940. Rogers v. State, 36 Ala.App. 602, 61 So.2d 249; Northcot v. State, 43 Ala. 330; Jackson v. State, supra; Porter v. State, supra; Porter v. State, 27 Ala.App. 441, 174 So. 313, cert. den., 234 Ala. 226, 174 So. 315.

■ Counsel on appeal, however, bears the onus of getting a record before the appellate court. Orum v. State, 286 Ala. 679, 245 So.2d 831. In the present case the requested written charges properly appear in the record through the motion for new trial.

■ The requested charges were here either not properly predicated on the evidence in this case, since there was no evidence of self-defense, or were fully and substantially covered by the trial court's oral charge. In addition, Requested Charge No. 2 contained a misspelled word ("malidious"), and this was properly refused. Darby v. State, 48 Ala.App. 421, 265 So.2d 449; State v. Owen, 279 Ala. 281, 184 So.2d 362; Griffin v. State, 284 Ala. 472, 225 So.2d 875; Title 7, Section 273, Code of Alabama 1940.

Therefore, we hold that the error complained of in this case was harmless. Supreme Court Rule 45, Title 7, Appendix.

## III

During the District Attorney's closing argument to the Jury, the following occurred:

"CLOSING ARGUMENT BY MR. WRIGHT: '—[Y]ou're going to at least take him out of circulation. And then you're going to take some of his buddies that go up and down the streets in the honky tonks at night—'

"MR. LANE: Objection. Excuse me, Mr. Wright, I hate to interrupt but there is nothing in the evidence about who his buddies are or what they do. This is purely to inflame the minds of the jury.

**536**

"THE COURT: Mr. Lane, the Court does not agree with you. This is argument of Mr. Wright to the jury and he has a right to argue. It is the opinion of the Court that he is arguing within reasonable bounds.

"MR. LANE: Respectfully reserve an exception, Judge."

Nix v. State, 32 Ala.App. 136, 22 So.2d 449, defines honky-tonk as "a low drinking resort," which definition is adopted from Webster's New International Dictionary, Second Edition, at page 1198, and Cumulative Annual Pocket Part of 19 Words and Phrases, Perm.Ed.

In Powell v. State, 39 Ala.App. 246, 100 So.2d 38, cert. den., 267 Ala. 100, 100 So.2d 46, the court stated:

". . . As to matters which can be said to be prejudicial per se, we can as a matter of law ascribe reversible error, e.g., 'honky-tonk' in Nix v. State, 32 Ala.App. 136, 22 So.2d 449."

See also Horton v. State, 41 Ala.App. 16, 122 So.2d 920, cert. den., 271 Ala. 699, 122 So.2d 923; White v. State, 41 Ala.App. 54, 123 So.2d 179, cert. den., 271 Ala. 702, 123 So.2d 186.

■ In the case at bar, two of the State's witnesses did state that they had been drinking on the date of the crap shooting incident, but there was absolutely no testimony as to where any of the parties were drinking, nor was there any testimony that any witnesses had been to any type of establishment which either served or sold alcoholic beverages. Moreover, there was no testimony whatever that the appellant or any of his friends had been "up and down the streets in honky-tonks at night." Cf. Russell v. State, 42 Ala.App. 14, 150 So.2d 405.

We are therefore of the opinion that the District Attorney's statement in closing argument was not supported by the evidence in this case, and was therefore unauthorized. Such statement must have been calculated to prejudice the minds of the trial jury, and, as such, was prejudicial error. Cases cited, supra.

For the reasons as set out herein, the judgment of conviction is due to be reversed, and the cause is hereby remanded.

Reversed and remanded.

All the Judges concur.