287 So.2d 238

**Josh SMITH, alias,**

**v.**

**STATE.**

**5 Div. 110.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Rehearing Denied Dec. 4, 1973.

Certiorari Denied Jan. 24, 1974.
See 289 So.2d 808.

J. Douglas McElvey, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Andrew J. Gentry, Jr., Sp. Asst. Atty. Gen., for appellee.

CATES, Presiding Judge.

Possession of heroin: fine of $25,000 and a sentence of eleven years in the penitentiary.

■ The tumultuous atmosphere throughout this trial often resulted in heated bickering. The prosecution, in its closing argument, stated that there was no telling "how many 15, 16 and 17-year-old girls and boys he (the appellant) ever sold to * * *." The objection and motion for mistrial by defense counsel concerning this statement were overruled. We are of the opinion that this was error, but are also convinced that it was harmless.

The record reveals that evidence was offered before the jury that appellant had sold heroin to a 15 or 16-year-old boy. There was, however, no evidence that appellant sold to a girl. On this point we are reminded that often in the law reference to one sex will include the other. T. 1, § 1, Code 1940. Therefore, there being testimony of a high school age boy getting some of the heroin which appellant possessed, we shall not stamp the court's refusal to correct this argument as reversible error.

Before closing argument began, the defendant requested that the court give seventeen written charges. All were refused. After closing argument, but before the court's oral charge, the defendant further offered three more written charges. These charges were also refused, and as grounds therefor the court stated, "No, you're too late; the arguments are concluded."

Charge 3, refused, reads:

"3. The court charges you, gentlemen of the jury, that if, upon considering all the evidence, you have a reasonable doubt about the guilt of the Defendant, arising out of any part of the evidence, you must find the Defendant not guilty."

■ The trial court may validly refuse requested charges if they constitute incorrect statements of the law or are too vague to constitute a completely correct statement of the law. Dobbins v. State, 274 Ala. 524, 149 So.2d 814; Yessick v. State, 274 Ala. 488, 149 So.2d 818. It is also well settled that the court may refuse to give a requested charge if such charge has been adequately covered in the court's oral charge. Code 1940, T. 7, § 273; Stokely v. State, 254 Ala. 534, 49 So.2d 284; Turner v. State, 43 Ala.App. 42, 179 So.2d 170.

■ However, in the case at bar, Charge 3 was a proper charge and a correct declaration of the law. The record also reveals that the court, in its oral

charge, did not emphasize that a reasonable doubt might arise, upon the jury considering all of the evidence, from only a part thereof. Therefore, the court's refusal of Charge 3 was reversible error. Johnson v. State, 42 Ala.App. 511, 169 So.2d 773 (Charge 7); Earnest v. State, 40 Ala. App. 344, 113 So.2d 517 (Charge 13).

 The court below was also in error for its refusal to consider the three charges which were presented after the close of argument. The court marked the charges "refused" and signed them. Notwithstanding, the court stated to defense counsel that these charges would not be considered by the court because they were tendered too late, and noted on each charge that it was not considered for that reason.

A trial court cannot, under our decisions, establish a certain time in the trial wherein the presentation of written charges must be made. The time at which such charges must be presented is established by statute and precedent. That time is *any time* during the trial and before the jury retires; after which the charges must be considered and marked as "given" or "refused" by the court. Porter v. State, 234 Ala. 11, 174 So. 311; Coatney v. State, 49 Ala.App. 385, 272 So.2d 593; Rogers v. State, 36 Ala.App. 602, 61 So.2d 249; Jackson v. State, 24 Ala.App. 601, 139 So. 576.

The point is well stated in Glenn v. State, 27 Ala.App. 433, 174 So. 315, wherein the court declared:

> "Nor is it within the power of a nisi prius court to fix any particular time during the progress of the trial at which written charges moved for by either party must be presented to the judge for his consideration, but, upon presentation to him, *it becomes his duty to consider such charges; * * *"* [Emphasis added.]

See also Core v. State, 50 Ala.App. 533, 280 So.2d 794 (1973).

We hold that this ruling was harmless error within the purview of Supreme Court Rule 45. Charges (wrongly numbered) 15 and 16 were not predicated on evidence; there being no evidence that the informant was an accomplice. Finally, there was no evidence proffered to the jury that the appellant possessed heroin at Pasquale's and therefore, (wrongly numbered) Charge 17 was not properly predicated. For these reasons, the charges would have been properly refused, even if considered. Griffin v. State, 284 Ala. 472, 225 So.2d 875; State v. Owen, 279 Ala. 281, 184 So.2d 362; Darby v. State, 48 Ala.App. 421, 265 So.2d 449.

For the refusal to give requested Charge 3 the judgment below is hereby reversed and the cause remanded for trial de novo.

Reversed and remanded.

All the Judges concur.