Murder; sentence, thirty-six years imprisonment.
On June 20, 1980, appellant and the victim, Carlo Eugene Phillips, were drinking at the victim's home in Lawrence County. Around mid-afternoon the appellant became angry at the victim for refusing to drive him to get assistance in repairing his car, shot him several times at close range with a .22 caliber automatic pistol, with several of the wounds being to the face. Both men had been drinking together the previous day and had gotten into several scuffles. They had also been drinking together on the morning of the fatal shooting. Appellant fled the scene but was apprehended shortly thereafter in a wooded area near his home.
The State's evidence clearly established a prima facie case of murder under § 13A-6-2, Code of Alabama (Amended 1977). Appellant's defense was that of self defense, which the jury chose to disbelieve. We find its verdict consistent and reasonable under the evidence presented.
 I
Appellant contends that the trial court improperly charged the jury that murder was not a "classified" crime. Apparently, appellant is arguing that murder is a class A felony which the trial court should have stated. Appellant also contends that the trial court erred in charging the jury that he, when testifying, had a natural bias and prejudice in the outcome of the trial.
Appellant made no exception to the trial court's oral charge. Consequently, he failed to preserve any error for our review.Travis v. State, Ala.Cr.App., 397 So.2d 256, cert. denied, Ala., 397 So.2d 265 (1981); Yates v. State, Ala.Cr.App.,390 So.2d 32 (1980); 6B Alabama Digest Criminal Law 1056.1 (1).
Furthermore, there are no degrees of murder under § 13A-6-2, Code of Alabama 1975 (Amended 1977) as there once were under § 13-1-70, Code of Alabama 1975. Thus, the trial court properly instructed the jury in that regard.
After reviewing the applicable portions of the trial court's oral charge pertaining to the weight to be given to the witnesses' testimony in general, as well as to that portion pertaining to appellant's testifying, we find no error in the trial court's charge. Mosley v. State, 241 Ala. 132,1 So.2d 593 (1941); Scruggs v. State, 224 Ala. 328, 140 So. 405 (1932);Hogue v. State, 54 Ala. App. 682, 312 So.2d 86 (1975).
 II
Appellant asserts that the trial court erroneously failed to consider his timely presented written requested charges.
During the trial court's oral charge to the jury, appellant's counsel presented 47 written charges.
The court concluded its oral instructions and the jury was sent to deliberate. The following occurred: *Page 945 
 "THE COURT: Let the record show that the Counsel for the Defendant, between one third and one half into my charge submitted approximately 50 written charges to me, which I had not previously seen. I am not going to endorse them or whatever, I am just merely going to denote that they came to me late.
 "MR. POWELL: Let the record show that they were placed on the Judge's desk during the Judge's charge to the jury.
"THE COURT: Okay."
No exception or objection was made to invoke a ruling of the trial court nor was any objection made to the failure of the trial court to rule.
This court's jurisdiction is appellate only, and its review is limited to matters upon which rulings are invoked in the trial court. Boykin v. State, Ala.Cr.App., 398 So.2d 766, cert. denied, Ala., 398 So.2d 771 (1981); Brown v. State, Ala.Cr.App., 392 So.2d 1248 (1980), cert. denied, Ala.,392 So.2d 1266 (1981); 6B Alabama Digest Criminal Law 1045. In the instant case, it is this court's duty to search the record for preserved error. Harris v. State, Ala.Cr.App., 371 So.2d 979, cert. denied, Ala., 371 So.2d 984 (1979); § 12-22-240, Code of Alabama 1975.
Without an objection to the trial court's action and an adverse ruling thereon, or an objection to the failure of the trial court to rule, nothing has been preserved for our review.Kiker v. State, 233 Ala. 448, 172 So. 290 (1937); Gaddis v.State, 39 Ala. App. 68, 94 So.2d 228 (1957); Rogers v. State,36 Ala. App. 602, 61 So.2d 249 (1952); Pate v. State, 32 Ala. App. 22, 21 So.2d 551, cert. denied, 246 Ala. 521, 21 So.2d 552
(1945).
Smith v. State, 51 Ala. App. 527, 287 So.2d 238 (1973), cert. denied, 292 Ala. 750, 289 So.2d 808 (1974), and Core v. State,50 Ala. App. 533, 280 So.2d 794, cert. denied, 291 Ala. 776,280 So.2d 797 (1973), cited by appellant, applying the predecessor to A.R.A.P. 45, are distinguishable from the case at bar since preserved error was found in Smith and an exception was taken in Core to the trial court's refusal to consider the defendant's written requested charges. See alsoHudson v. State, 49 Ala. App. 282, 270 So.2d 828 (1971).
Nevertheless, we have individually reviewed appellant's requested charges and find that they were either fairly and substantially covered by the trial court's oral charge, confusing, misleading, ungrammatical, not predicated on a consideration of the evidence, argumentative abstract, or a mistatement of the law. Thus, had the trial court erred, the error would have been harmless. A.R.A.P. 45.
We have examined the record and transcript of evidence and find no error prejudicial to appellant. Therefore, the judgment of the Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.