## PEOPLE *v.* LUNSFORD

1. CRIMINAL LAW—LINEUP—DISTINCTIVE CLOTHING.

    A United States Supreme Court decision regarding the propriety of a lineup in which an accused is the only one wearing distinctive clothing is not applicable to lineup confrontations occurring before June 12, 1967.

2. CRIMINAL LAW—LINEUP—DISTINCTIVE CLOTHING—ILLEGALITY—FAILURE TO OBJECT.

    The propriety of a five-man lineup in which defendant was the only one wearing a coat similar to that worn by a robber and was also the tallest man in that lineup could not be raised on appeal where the lineup confrontation not only occurred before the effective date of a United States Supreme Court decision regarding the propriety of lineups in which an accused wears distinctive clothing but also defendants failed to question the legality of that lineup in the lower court.

3. CRIMINAL LAW—ILLEGAL LINEUP—DEFENDANT'S KNOWLEDGE—EVIDENCE.

    A defendant having knowledge of facts constituting an illegal lineup before trial, has the responsibility of communicating that information to his attorney, who is then responsible for moving to suppress the evidence in advance of trial.

4. CRIMINAL LAW—LINEUP—PREJUDICE—IDENTIFICATION.

    A five-man lineup in which defendant was the only one wearing a coat similar to that worn by a robber and was also the tallest man in the group, although admittedly prejudicial to defendant in these aspects, did not result in a prejudicial identification of defendant as the robber where of the three witnesses to that robbery, only two remembered what type of coat

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law § 368.
[5, 6] 21 Am Jur 2d, Criminal Law § 443 *et seq.*

the robber wore and neither identified defendant as the robber, it being the third witness, who could not remember the robber's clothing who identified defendant from the five-man lineup.

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—DISCRETION.

A finding of probable cause does not require that a defendant's guilt be established beyond a reasonable doubt and neither a trial nor an appellate court can substitute its judgment for that of the examining magistrate unless there has been a clear abuse of discretion.

6. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—EVIDENCE—SUFFICIENCY.

That the only witness to testify at defendant's arraignment for armed robbery admitted that he thought defendant was the robber, although he was not completely positive of his identification, did not preclude a finding of probable cause by the examining magistrate even though that witness' testimony may not have required such a finding.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 4, 1969, at Detroit. (Docket No. 5,540.) Decided December 3, 1969.

Raydell Lunsford was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Neenan,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

HOLBROOK, J. Defendant was convicted of armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp

§ 28.797), after a trial before the court. This appeal is taken as of right.

In January, 1967, a holdup took place in which the assailant was armed with a knife. Three witnesses saw the robbers, the victim, an employee of the victim, and the driver of an automobile passing by as the robbers made their escape.

As part of the investigation, defendant, who had been arrested for the crime, was brought before the witnesses as one member of a five-man lineup. In most respects the lineup was entirely fair: all members were of the same race, all had on their outer coats or jackets, and the witnesses were brought in one at a time to view the group. Two points are raised, however, regarding the lineup: first, defendant was the only one wearing a coat similar to that worn by the robber, and second, defendant was the tallest man in the group.

The main issue raised on appeal is the propriety of the lineup. Initially it must be noted that *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), is inapplicable, since the instant case preceded the effective date of *Wade.** *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

While it may be admitted that the practice of having only the defendant wear distinctive clothing in a lineup was one of the particular abuses the Court hoped to eliminate in *Wade,* the judgment must be affirmed for two major reasons. First, the issue was not raised below. Where the defendant has knowledge of facts constituting an alleged illegal lineup before trial, he has the responsibility of communicating this information to his attorney, who then has the responsibility to move to suppress the evidence in advance of trial. *People* v. *Wilson* (1967), 8 Mich

---

* *Wade* was decided June 12, 1967.

App 651, 658. The second reason for affirmance is that while the lineup was prejudicial in certain aspects, this did not result in a prejudiced identification within the peculiar facts of the instant case. Of the three witnesses, only two remembered what type of coat the robber wore. If either of these men had identified defendant at the lineup it would have been suspect. Yet neither did. It was the witness who could not remember the clothing who identified defendant out of the five men presented.

Defendant also raises the question of whether he was properly bound over for trial after the preliminary examination. He argues that the people failed to establish probable cause. After a careful study of the record, however, it must be concluded that the examining magistrate did not clearly abuse his discretion in finding probable cause. *People* v. *Dellabonda* (1933), 265 Mich 486.

"A finding of probable cause does not require that the guilt of the defendant be established beyond a reasonable doubt. Even though the trial court or this Court may not agree with the magistrate, we cannot substitute our judgment for the magistrate's determination of probable cause unless there has been a clear abuse of discretion." *People* v. *O'Leary* (1967), 6 Mich App 115, 120.

The testimony may not have required a finding of probable cause. Yet, neither was such a finding precluded merely by the fact that the only witness to testify admitted that, although he thought defendant was the robber, he was not completely positive of it.

Affirmed.

All concurred.