PEOPLE *v.* ANGERS

1. ROBBERY — PRELIMINARY EXAMINATION — PROBABLE CAUSE — EVIDENCE — SUFFICIENCY.

Evidence introduced at defendant's preliminary examination was sufficient to bind him over for armed robbery where the evidence showed that defendant's general characteristics fit those of one of the two robbers, as given by witnesses, defendant's car was used in the robbery, and defendant was arrested with a man positively identified as one of the robbers shortly after the robbery was committed, because although the evidence may not have required a finding of probable cause, neither did it preclude such a finding.

2. CRIMINAL LAW—JOINT TRIALS—DISCRETION.

The decision concerning joint or separate trials for two jointly-indicted defendants is within the trial judge's discretion; the trial judge's determination will not be overturned, absent an

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
[2] 53 Am Jur, Trial § 56 *et seq.*
[3] 53 Am Jur, Trial § 59.
[4] 29 Am Jur 2d, Divorce § 541.
[5] 46 Am Jur, Robbery § 50.

affirmative showing that a joint trial prejudiced the substantial rights of one or both defendants.

3. CRIMINAL LAW—JOINT TRIALS—SEPARATE TRIALS—SAME CRIME.
   A denial of a motion for separate trials of jointly-indicted defendants is not an abuse of discretion where the defendants are charged with the same crime and the same evidence is to be used to implicate both defendants in the joint commission of the crime.

4. CRIMINAL LAW — WITNESSES — DEFENSE WITNESS — EVIDENCE — EXCULPATORY STATEMENT — INCULPATORY EFFECT.
   A motion for a mistrial was properly denied where the motion was based on the ground that defendant was inculpated, rather than exculpated, by a defense witness's purported confession that he, not the defendant, had committed the crime, in that the confession placed the defendant in the company of defendant's codefendant, postively identified as one of two robbers, before the armed robbery occurred and where defendant failed to object to the introduction of the confession into evidence.

5. ROBBERY—EVIDENCE—SUFFICIENCY.
   Evidence was sufficient to support a verdict that defendant was guilty of armed robbery where the evidence showed that defendant owned the automobile used in the robbery, that defendant was arrested while driving that car approximately 30 minutes after the robbery, that defendant was arrested in the company of a man who was positively identified by a witness as being one of the two robbers, that defendant fit the general description of one of the robbers, and that the defendant and the other man arrested had planned to be together on the night of the robbery; even though the evidence was circumstantial, well-authenticated circumstantial evidence can be more positive than direct evidence.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 June 8, 1971, at Grand Rapids. (Docket No. 8411.) Decided September 27, 1971.

Daniel G. Angers was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,*

Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*James A. Ruhala,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and./ J. H. GILLIS, JJ.

FITZGERALD, J. Defendant appeals as of right his jury conviction on a charge of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28-.797). Defendant was sentenced to serve 10–1/2 to 25 years in the state prison for the offense.

On July 23, 1968, two armed men robbed a party store in Flint. While the two men were leaving the store, one of them removed his mask and was identified by witnesses as codefendant Fuston Thomas.[1] The two men drove away in a red convertible; the license number was recorded by witnesses. Approximately 30 minutes after the robbery, defendant was arrested by police with codefendant Thomas in a car that matched the getaway car and had the same license plate number. The car was owned by defendant. Defendant, although not positively identified, met the general description of the second man in the robbery.

Defendant's first issue on appeal is that the trial court committed reversible error by denying defendant's motion to quash the information. Defendant contends that there was not sufficient evidence introduced at the preliminary hearing to establish probable cause to believe that defendant committed the crime.

Absent a clear abuse of discretion on the part of the examining magistrate, this Court will not disturb

---

[1] See *People v. Fuston Thomas* (1971), 36 Mich App 23.

his determination regarding establishment of probable cause at the preliminary examination. *People v. O'Leary* (1967), 6 Mich App 115; *People v. Lunsford* (1969), 20 Mich App 325.

The evidence introduced at the preliminary examination in the instant case showed, (1) defendant's general characteristics fit those given by witnesses, (2) his car was used in the robbery, and (3) he was arrested with positively-identified codefendant Thomas soon after the robbery. While such evidence may not have required a finding of probable cause, neither does it preclude such a finding. *Lundsford, supra.*

Defendant next contends that it was reversible error for the trial court to deny defendant's motion for a separate trial. MCLA § 768.5 (Stat Ann 1954 Rev § 28.1028) places the decision concerning joint or separate trials of two jointly-indicted defendants within the discretion of the trial court. The determination of the trial court as to this issue will not be overturned absent an affirmative showing that a joint trial prejudiced the substantial rights of the accused. *People v. Schram* (1966), 378 Mich 145.

Neither the record below nor defendant's brief on appeal establishes any prejudice to substantial rights of the defendant as a result of the joint trial. Defendant, in his brief, alludes to possible prejudice if his codefendant took the stand. However, neither codefendant took the stand, so that situation did not arise.

This case fits under the general rule that when the defendants are charged with the same crime and the same evidence is to be used to implicate both defendants in the joint commission of the crime, the denial of a motion for a separate trial is not an

abuse of discretion. *People* v. *Carter* (1970), 28 Mich App 83; *People* v. *Schram* (1966), 378 Mich 145.

Defendant next contends that the trial court abused its discretion in denying defendant's motion for a mistrial. Defendant's motion was based largely on the denial of a separate trial, which we have already dealt with, and also on the effect of certain testimony by a witness who claimed he had committed the crime. The witness had been a cellmate of defendant while defendant was awaiting trial. The claimed confession of the witness, rather than exculpating defendant, appears to have inculpated him in the minds of the jurors because that confession placed defendant Angers with codefendant Thomas *before* the crime. This was the only evidence introduced placing the two together before the crime.

Defendant did not object below to the introduction of the confession into evidence and cannot subsequently use that evidence as the basis for a mistrial. *People* v. *Dombrowski* (1968), 10 Mich App 445. Therefore, because there was no abuse of discretion by the trial court in denying defendant's motion for a mistrial, we cannot overrule the trial court on appeal. *People* v. *Qualls* (1968), 9 Mich App 689.

Lastly, defendant argues that it was error for the trial court to deny defendant's motion for a new trial which was based on the grounds that there was insufficient evidence to find defendant guilty beyond a reasonable doubt.

The evidence adduced at trial showed that defendant owned the automobile used in the robbery of the store; that he was arrested while driving that car approximately 30 minutes after the robbery;

that he was arrested in the company of codefendant Thomas who was positively identified by a witness as being one of the perpetrators; that defendant fit the general description of codefendant Thomas' accomplice; and that defendant Angers and codefendant Thomas had planned to be together on the night of the robbery.

On appeal, this Court will not disturb a verdict unless the evidence fails to support the finding of fact by the jury. *People* v. *Floyd* (1966), 2 Mich App 168. Although in the instant case the evidence against defendant was circumstantial, we are mindful of the fact that well-authenticated circumstantial evidence can be more positive than direct evidence. *People* v. *Iron* (1970), 26 Mich App 235.

We therefore hold that there was sufficient evidence adduced at trial in the instant case to prove defendant guilty beyond a reasonable doubt.

Affirmed.

All concurred.