PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.

259 So.2d 683

**Almon McCARY**

v.

**STATE.**

**8 Div. 45.**

Court of Criminal Appeals of Alabama.

March 14, 1972.

W. L. Chenault, Decatur, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant Almon McCary was convicted of robbery, with a penitentiary sentence of twenty-five years.

In Dawson v. State, 47 Ala.App. 293, 253 So.2d 362, which is a companion case, we summarized the facts bearing on the robbery for which this appellant and one Hillard Dawson were convicted. The facts in *Dawson* are adopted as the facts in this case.

Counsel's main insistence in brief is that the alleged robbery occurred during the morning of January 12, 1969, and the victim did not identify Almon McCary as one of

the robbers until February 1, 1969. The argument is:

"The appellant maintains that this identification was induced by a series of incidents occurring between January 12, 1969, and February 1, 1969. Had the witness Stokes been positive in the identification of the appellant, Almon McCary, he would have made this fact known prior to February 1, 1969."

Presumably counsel is referring to the occasion when McCary was brought to the jail and Mr. Stokes was allowed to observe him through a small glass window in a door.

 There was no pretrial motion to suppress the evidence of the confrontation at the jail and no objection to its admission in evidence at the trial. Nor to the victim's in-court identification of McCary. The asserted error is not presented for review. Brown v. State, 42 Ala.App. 429, 167 So.2d 281; Brown v. State, 277 Ala. 108, 167 So. 2d 291; People v. Lunsford, 20 Mich.App. 325, 174 N.W.2d 38 (1969); State v. Coomer, 450 S.W.2d 194 (Mo.1970).

However, the state's testimony shows that before the confrontation at the jail Mr. Stokes told the sheriff and the district attorney that in his best judgment Almon McCary was one of the robbers. The testimony further shows that Mr. Stokes had known defendant for some time, although he had not seen him in several years, and that he had ample opportunity to observe the men during the robbery. Dawson v. State, supra.

The defendant offered evidence of an alibi; evidence of his whereabouts throughout the day, from early morning until night.

There was no motion to exclude the state's evidence; no request for the affirmative charge; and no motion for a new trial, therefore, the sufficiency of the evidence is not presented for review. Robinson v. State, 44 Ala.App. 206, 205 So.2d 524.

Several special charges are set out in the record under the heading "Refused Charges." They are not marked refused and signed by the trial judge, as required by the statute, and cannot be considered on appeal. Title 7, § 273, Code of Alabama 1940; Cook v. State, 43 Ala.App. 304, 189 So.2d 595.

We have carefully searched the record and find no reversible error. The judgment is due to be and hereby is affirmed.

Affirmed.

CATES and TYSON, JJ., concur.

ALMON, J., having presided at the preliminary hearing, recuses self.