286 So.2d 88

**Dollie ALLEN**

v.

**STATE.**

**8 Div. 204.**

Court of Criminal Appeals of Alabama.

Nov. 13, 1973.

414

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

Randolph B. Moore, III, Montgomery, for appellant.

HARALSON, Supernumerary Circuit Judge.

Appellant was tried for the offense of second degree murder in the Circuit Court of Colbert County, convicted of manslaughter in the second degree, and sentenced to twelve months imprisonment.

I

■ Appellant contends that the court, in drawing the venire from which the jurors were selected for the trial of her case, violated the requirements of Title 30, Section 30, Code of Alabama 1940. On a hearing before the court on a motion to

quash the venire filed by the appellant, it appears that the court drew the venire in question in the Courthouse in Colbert County in the office of the Circuit Clerk and in the presence of the Clerk and the Deputy Sheriff, designated by the Sheriff of that county. Nowhere in the testimony does it appear that the office of the Clerk was closed to anyone who might care to be present or that the proceedings were carried on in secret or that the court acted improperly in any manner in the actual drawing of the names of the prospective jurors from the box.

This question was dealt with in the case of Rush v. State, 253 Ala. 537, 45 So.2d 761, in which the Supreme Court stated:

"Section 30, Title 30, Code of 1940 provides in effect that the names of the jurors shall be drawn by the judge from the jury box in open court. This court has had occasion to define the meaning of the words 'open court' a number of times and it is clear that open court means when the court is open for the transaction of the business of the court, that is 'the time when the court can properly exercise its functions.' Ex parte Branch, 63 Ala. 383; Zaner v. Thrower, 203 Ala. 650, 84 So. 820; Letcher v. State, 159 Ala. 59, 48 So. 805, 17 Ann. Cas. 716. But we think that the expression 'open court' means that the court must not only be open for the transaction of business but also means that the court must be sitting openly, so that all persons who conduct themselves in an orderly manner may freely see and hear the proceedings in the court. Vol. 29 Words and Phrases, Perm.Ed., page 523. This does not mean that the judge must necessarily be acting in the court room. The office of the clerk is a part of the quarters provided for the court. Ex parte Morris, 252 Ala. 551, 42 So.2d 17. But we think there can be no objection that the judge in the presence of the sheriff and the clerk was drawing names of the jurors from the jury box in the office of the clerk. . . ."

We hold that there was no error on the part of the court in this respect.

II

Pending the examination of State witness Jessie Lee Boswell, by McCutchen, the prosecutor, the record shows that the following occurred:

"Q. Now, I believe you said Donny was backing away from the kitchen—is that correct?

"A. I couldn't see Dollie from where I was sitting.

"Q. You are Jessie Lee Boswell—is that right?

"A. That's right.

"Q. To refresh your recollection, do you recall making a statement to Carl Simmons at 9:00 a. m. on July 1, 1971—

"MR. GRAHAM: Now, I object to this. It is illegal, irrelevant and immaterial to impeach or bolster his own witness, Your Honor.

"MR. McCUTCHEN: I am refreshing his recollection.

"MR. GRAHAM: The proper predicate has not been laid for any refreshment and just because a witness does not testify as the State would prefer doesn't give him the right to cross-examine him.

"MR. McCUTCHEN: I am not cross-examining him.

"BY THE COURT: He has the right to refresh—read the first part of the question, ma'am.

"BY THE COURT REPORTER: To refresh you recollection, do you recall making a statement to Carl Simmons at 9:00 a. m. on July 1, 1971?

"BY THE COURT: All right, answer the question.

"MR. GRAHAM: Wait a minute, I would like to have a ruling first.

"BY THE COURT: Overruled.

"MR. GRAHAM: We except.

"BY THE COURT: Answer the question.

"A.   I went in there—

"BY THE COURT: No, just answer his question.  Read the question to him again, please.

"BY THE COURT REPORTER: To refresh your recollection, do you recall making a statement to Carl Simmons at 9:00 a. m. on July 1, 1971?

"A.   That's right.

"MR.   McCUTCHEN   CONTINUES: And in that statement you said, 'Then Dollie backed away from Donny Ray all the way to the kitchen, saying "Donny Ray, don't come upon me," and Donny Ray kept on following her.'   Is that statement correct or incorrect?

"MR. GRAHAM: We object—he is trying to impeach his own witness.

"BY THE COURT: Overruled.

"MR. GRAHAM: We except.

The appellant argues that the District Attorney was allowed to bolster or impeach the testimony of this witness, that the court erred in sustaining appellant's objection to this line of testimony.  We disagree and are of the opinion that the prosecutor was merely attempting to refresh the recollection of the witness as to previous statements made by him.

The lower court overruled the objection of appellant, and we think this action correct under the circumstances.

It appears to be the general rule that where a witness is testifying adversely to the party calling him, that party may inquire of the witness whether he had previously made, and to elicit from his previous testimony that he had made, certain statements about the matter different from the present testimony and favorable to the party calling him as a witness.   See cases

cited in Law of Evidence in Alabama, McElroy, 2nd Div., Volume 1, Pages 387–389.

III

The court properly overruled the motion to exclude the evidence offered by the State.  It is not necessary to burden this opinion with the details of this case, and we think it clear beyond any doubt that the question of guilt or innocence of appellant of the charge made in the indictment, or either of the lesser charges included therein, was a question for the jury to determine and was properly submitted to the jury by the court.

The motion of the appellant to continue the trial of the case in the lower court was properly overruled.  It is well known law that the granting of a continuance is within the discretion of the court, and unless some abuse of this discretion is shown, the judgment will not be reversed.  Duncan v. State, 46 Ala.App. 732, 248 So.2d 771.

IV

■   Refused Charge No. 27 deals with the doctrine of self-defense hypothesized upon a number of facts, as set forth in this case.  This charge contains two misspelled words, and in addition is elliptical, therefore its refusal was proper.

The doctrine in question was dealt with by this Court in Smith v. State, 47 Ala. App. 513, 257 So.2d 372, and we believe, in light of the trial court's oral charge, that the elements of self-defense were fully covered here.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein.  The judgment is therefore due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this

Court under Section 2 of the Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.