This is an appeal from an indictment and conviction for rape wherein sentence was fixed by the jury at fifty years and one day imprisonment. The trial court appointed the appellant's retained trial counsel to represent him on this appeal.
Three issues are presented for review: (1) The admissibility of the confession of the appellant, (2) the propriety of allowing an in-court identification of the appellant, and (3) the admissibility of the undergarment worn by the appellant at the time of his arrest.
The evidence presented by the state reveals that the prosecutrix was abducted by the appellant from a shopping center in Alabaster, Alabama, around 6:15 or 6:20 on the evening of March 3, 1977. As she returned to her automobile from a grocery store the appellant grabbed her and pushed her into her vehicle. The appellant drove the automobile into the county eventually stopping on an unpaved road. He made the prosecutrix climb into the back seat of the car and there raped her. The appellant also took twenty dollars from her. He then drove the automobile back to Highway 31 where he got out.
Members of the Shelby County Sheriff's Department and the City of Alabaster Police Department arrested the appellant around 7:30 P.M. that same night as he was running along Highway 31 in front of the Saginaw Lime Plant, about three miles from Alabaster.
The appellant was taken to the Alabaster Police Station and given his Miranda rights. He confessed to having abducted and raped the prosecutrix. Scientific tests revealed the presence of human blood and semen on the undergarment worn by the appellant at the time of his arrest. *Page 1058 
Defense witnesses testified that the appellant was seen in front of the Saginaw Lime Plant at the same time the abduction occurred. The appellant's common law wife testified that they had engaged in sexual intercourse that morning before the appellant went looking for employment.
 I
Initially the appellant argues that his confession should not have been admitted into evidence because (1) it was obtained through coercion and threats of violence and (2) because of his age and mental capacity he was not adequately informed of his constitutional rights.
 A.
The appellant testified that an officer of the Alabaster Police Department threatened him and told him that "if he had anything to do with it he would kick my tail". The officer accused of making this threat denied it. The officers in whose presence the threat was allegedly made denied having heard it. Therefore, whether or not the threat was actually made was a question for the trial judge on the hearing to determine the voluntariness of the confession.
The rule in this regard was stated in McNair v. State,50 Ala. App. 465, 470, 280 So.2d 171, 176, cert. denied, 291 Ala. 789, 280 So.2d 177 (1973).
 "This Court has previously recognized the fact that it is not unusual for the voluntariness inquiry to present conflicting evidence. Edgil v. State, 36 Ala. App. 379, 56 So.2d 677. When such a conflict occurs and the trial judge finds that the confession was voluntarily made, great weight must be given to his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Emerson v. State [281 Ala. 29, 198 So.2d 613], supra; Harris v. State, 280 Ala. 468, 195 So.2d 521; Edgil v. State, supra. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. Minirth v. State, 40 Ala. App. 527, 117 So.2d 355, cert. denied, 270 Ala. 228, 117 So.2d 360."
See also Thompson v. State, Ala.Cr.App., 347 So.2d 1371, cert. denied, Ala. 347 So.2d 1377 (1977); Medders v. State, Ala.Cr.App., 342 So.2d 49 (1977).
Though conflicting testimony was presented the testimony affords a broad basis for the ruling of the trial court that the confession was voluntary. We therefore conclude that the trial court's ruling was proper.
 B.
The appellant also complains that the confession was involuntary because of his age and mental capacity. The controlling facts relied on in support of this contention are that the appellant was nineteen years old; had only completed the first through the ninth grades; was eighteen years old when he completed the ninth grade; and could not read or write.
We considered this matter fully in the case of Parker v.State, Ala.Cr.App., 351 So.2d 927, cert. denied, Ala.,351 So.2d 938 (1977). In determining the voluntariness of a minor's confession the totality of the circumstances must be considered. Both the age and education of the accused are merely factors to be considered along with all the surrounding circumstances in making a determination of voluntariness. Mental subnormality of an accused does not in and of itself render a confession involuntary. Parker, supra, at 351 So.2d 935; Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967).
On the basis of the facts presented in the record, the finding of the trial court that the confession was voluntary and admissible was also proper in this respect.
 II
It is maintained that the in-court identification by the prosecutrix of the appellant *Page 1059 
was tainted by an impermissibly suggestive out of court photographic identification.
Prior to trial the appellant filed a written "motion to suppress photographic identification". From the record it appears that a hearing on this motion was continued until the second day of the appellant's trial. At trial, the prosecutrix was the first witness to testify. On direct examination she identified the appellant as her assailant and the man that had raped her. On cross examination defense counsel brought out the fact that an Investigator with the Shelby County Sheriff's Department showed her four or five pictures from which she identified the picture of the appellant because "it just looked like him". Defense counsel thoroughly cross examined and elicited the facts surrounding the out of court identification. This matter was not mentioned in direct examination by the state.
When the county investigator who showed the photographs to the prosecutrix began to testify, defense counsel approached the bench, and after the witness was examined outside the presence of the jury, moved to exclude the pictures as being highly prejudicial. Additional testimony was taken and the trial court granted the "motion of the defendant to suppress the photograph information".
At no time during the trial was any objection made to the prosecutrix's in-court identification of the appellant. As a ground of the motion for new trial it is asserted that the trial court erred "in allowing the in-court identification, the sole identification evidence, to be adequate evidence of the defendant's commission of this crime, such identification being highly suggestive before and during trial".
For the reason that it was defense counsel who initially introduced the fact that the prosecutrix had identified the appellant in an out of court photographic identification procedure we find no error in the trial court's failure to exclude or suppress her testimony. In this instance the appellant has no adverse ruling (except the denial of the motion for new trial) from which to appeal. The pretrial motion to suppress was granted during trial and was, in fact, never violated by the prosecution. There simply was no objection, or motion to suppress or exclude the identification testimony of the prosecutrix.
In the absence of an appropriate objection during trial, the issue of whether an in-court identification was tainted by a pretrial photographic display is not presented for review.United States v. Weeks, 5 Cir., 487 F.2d 342, cert. denied,416 U.S. 942, 94 S.Ct. 1948, 40 L.Ed.2d 294 (1973); Glover v.State, Ala.Cr.App., 347 So.2d 592 (1977); McGuff v. State,49 Ala. App. 88, 268 So.2d 868, cert. denied, 289 Ala. 746,268 So.2d 877 (1972); McCary v. State, 47 Ala. App. 630,259 So.2d 683 (1972); Allen v. State, 47 Ala. App. 566, 258 So.2d 909
(1972). Therefore, the admissibility of the in-court identification was proper. There being no objection, the weight or credibility to be given that identification was a question for the jury.
 III
In final argument the appellant contends that the introduction of his undergarment was reversible error because (1) it was not obtained voluntarily and because (2) the proper chain of custody had not been presented when the clothing was introduced.
There was ample evidence to support a finding that the appellant was not compelled to take off his undergarment and give it to the police officers but that he did so voluntarily upon the officer's request. The garment itself and the results of any examination it was subjected to were therefore admissible. Washington v. State, 55 Ala. App. 116, 119,313 So.2d 544 (1975); Cauthen v. State, 48 Ala. App. 286,264 So.2d 208 (1972).
It is a fundamental rule of criminal procedure that the trial court may determine the order of proof and such rests within the sound discretion of the trial judge. Yessick v. State,274 Ala. 488, 149 So.2d 818 (1962). Thus evidence, whose admissibility is contingent *Page 1060 
on proof of other facts, may properly be admitted into evidence subject to its being "connected up". Holland v. State,24 Ala. App. 199, 132 So. 601 (1931).
The appellant has been well represented both at trial and on appeal by his retained and subsequently appointed counsel. We have searched the record for error and have found none. The appellant received a fair and just trial. Accordingly, the judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.