The defendant was indicted for rape. After investigation and consideration, treatment as a youthful offender was denied. A jury found the defendant "guilty as charged". The trial court sentenced the defendant to life imprisonment noting that "it was an aggravated rape, one of the most aggravated rapes that this court has ever heard of, and there was also a weapon involved".
 I
The defendant was an eighteen year old black youth at the time of the crime. The victim was a twenty year old white female.
The trial court sustained the State's objection and would not permit defense counsel to cross examine the victim on whether or not she had a number of black friends or had had black people in her apartment. Defense counsel also was not allowed to inquire of another witness whether or not the victim had ever had black friends over to her apartment.
On appeal the defendant argues:
 "(A)lthough the proffered testimony was not to the effect that others had, in fact, had sexual intercourse with the prosecutrix prior to the time in question, if the defense had been allowed to show the jury that the prosecuting witness, who was white, frequently repeatedly had had blacks in her apartment, then this fact could have created an inference from which the conclusion could have been *Page 1273 
drawn that the prosecuting witness was sexually promiscuous with blacks."
Appellant's brief, p. 22.
The trial court properly sustained the State's objections. The inferences the defendant would draw are neither logical nor reasonable. The accused is entitled to explain away injuries to the body of the female and the presence of semen in her vagina by showing that they are the product of intercourse with a third person at such a time as that intercourse with the third person could have caused such traces. Patterson v. State,234 Ala. 342, 175 So. 371 (1937); C. Gamble, McElroy's AlabamaEvidence, Section 32.01 (3rd ed. 1977).[1] However it is not even contended that the testimony was to be offered for such a purpose. At trial the defendant did not contend that he had sexual relations with the prosecuting witness with her consent. Consequently, even before the effective date of Alabama Code Section 12-21-203 (1975), he would have been precluded from introducing evidence of the prosecutrix's bad general reputation for chastity. McElroy, supra.
Under the rules of evidence in effect at the time of the defendant's trial, Alabama Code Section 12-21-203 (1975), barred the use of evidence of the past sexual behavior of the complaining witness unless that behavior directly involved the defendant's own participation. For these reasons we consider the action of the trial court in sustaining the State's objections was proper.
Defense counsel's reason for asking these questions to which objections were sustained does not appear in the record. While we assume that the reason was the same as that stated on appeal, it should be noted that it is not reversible error either to admit or reject evidence admissible for a certain purpose only, when it is offered generally, without calling the attention of the trial court to such purpose. Garrett v. State,268 Ala. 299, 105 So.2d 541 (1958).
 II
Defense counsel, in his cross examination of the prosecutrix, was not permitted to show whether she was taking birth control pills at the time of the assault or whether she "had had occasion to engage in sexual intercourse" prior to the assault. The defendant maintains that each of these facts would show that the prosecutrix was not chaste prior to the time of the alleged rape.
Without comment upon the reasonableness of the conclusions drawn from these facts by the defendant, such evidence was inadmissible. Alabama Code Section 12-21-203 (1975). See alsoKnox v. State, 365 So.2d 349 (Ala.Cr.App. 1978). McQuirk v.State, 84 Ala. 435, 4 So. 775 (1887), is not in point as in that case the defense was consent.
 III
The prosecutor was not improperly allowed to impeach his own witness. As a witness for the prosecution, Ricky Floyd, the brother of the defendant, testified on cross examination that he lent the defendant his automobile around seven o'clock on the morning of the rape and that the defendant returned approximately one hour later. The rape occurred a little after eleven o'clock that morning. On redirect the State sought to show that on the day after the crime Floyd had made a contradictory statement. This was proper.
 "A party may ask his witness, for the purpose of refreshing his memory or of showing that he has been put at a disadvantage by unexpected evidence, whether, at a certain time and place, he has not made certain statements inconsistent with his testimony on the stand, even though the admission of such inconsistent statements will injuriously affect the witness' credibility with the jury."
White v. State, 87 Ala. 24, 26, 5 So. 829 (1888).
See also McElroy, Section 165.01 (7)(e).
While the defendant complains that no proper predicate was laid by the State, it is *Page 1274 
clear from the witness' testimony that the alleged statement was made in the Montgomery Police Department on the day following the crime.
 IV
The totality of the circumstances under which the confession of the defendant was given clearly shows that it was voluntarily made after a knowing and voluntary waiver of rights despite the facts that the defendant was eighteen years old, had a full scale I.Q. of sixty-nine, which is in the mildly mentally retarded range, and was classified as a "functional illiterate". Watters v. State, 369 So.2d 1262 (Ala.Cr.App. 1978), reversed on other grounds, 369 So.2d 1272 (Ala.), on remand, 369 So.2d 1275 (Ala.Cr.App. 1979); Rine v. State,360 So.2d 1056 (Ala.Cr.App.), cert. denied, 360 So.2d 1060 (Ala. 1978); Twymon v. State, 358 So.2d 1072 (Ala.Cr.App. 1978);Parker v. State, 351 So.2d 927 (Ala.Cr.App.), cert. quashed,351 So.2d 938 (Ala. 1977); Arnold v. State, 348 So.2d 1092
(Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977).
 V
The trial court properly refused the defendant's requested charges on the lesser offenses included in the indictment for rape. The evidence was clear and unconflicting that the victim had in fact been raped and that the crime had been consummated.Kilpatrick v. State, 51 Ala. App. 352, 285 So.2d 516, cert. denied, 291 Ala. 628, 285 So.2d 525 (1973). We find no reasonable theory from the evidence which would support any lesser charge. VI
The chain of custody of the victim's clothing was sufficient to allow its admission into evidence. Thomas v. State,356 So.2d 210 (Ala.Cr.App.), cert. denied, 356 So.2d 214 (Ala. 1977).
We have searched the record and found no error prejudicial to the rights of the defendant. He received a fair trial under the direction of an able and competent judge and was represented by diligent and skilled counsel. The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.
[1] To the extent Alabama Code Section 12-21-203 (1975) would prohibit this see Note, Indiana's Rape Shield Law: Conflictwith the Confrontation Clause? 9 Ind.L.Rev. 418 (1976).