TYSON, Judge.
James Berry was indicted for and convicted by a jury of first degree sexual abuse pursuant to § 13A-&-66, Code of Alabama 1975. The trial court set sentence at eight years’ imprisonment.
On February 23, 1980, appellant, a forty-two year old man “of limited intelligence,” picked up the prosecutrix, a five year old girl that he regarded as his daughter, to take her out for a hamburger. On the way, they stopped by the appellant’s house, where the alleged sexual abuse took place.
After the trial court had questioned the victim and determined that she was competent to testify as to the incident in question, the prosecutrix told the jury that the appellant took her inside his house, undressed her and put his hand inside her “private parts”.
An older sister of the prosecutrix testified that she rushed the prosecutrix to the hospital as soon as the appellant brought the victim home crying and she revealed to her what had happened with the appellant.
*355 The physical examination at the hospital revealed “superficial abrasions and some bruises of the labia and hymenal area” consistent with “some type of sexual abuse”.
The appellant made a pretrial confession to two police officers. The confession, made after the Miranda warnings had been read and explained carefully, was entirely consistent with the prosecutrix’ testimony and the examination results.
At trial, however, the appellant denied the sexual contact and claimed his confession was “involuntarily” given.
I
The appellant’s sole argument on appeal is that the trial court committed reversible error by admitting this “custodial confession,” which was not “voluntarily” given because appellant was too ignorant to understand the Miranda type warnings or the “statement or confession” that he signed by “mark.”
The two police officers who took down the appellant’s confession testified that they had known appellant on a friendly basis for several years (i. e. a fact which was confirmed by appellant at trial). These officers knew that he was simpleminded and could neither read nor write and consequently, they had been particularly careful to explain the Miranda rights and also the confession itself to the appellant. Each testified that they were convinced that appellant understood their explanations. In their opinions appellant’s waiver of his Miranda rights was “knowing and intelligent” and his confession was “voluntary”.
The only evidence offered in support of appellant’s argument was that he could not read or write and was mentally “slow”. Yet, there was no evidence in this record of appellant’s I.Q. or of any mental retardation or mental illness.
There are cases which have found confessions to be “involuntary” where the defendants were shown to have I.Q.’s in the “mentally retarded” range and where the defendant’s rights were not carefully explained. Garrett v. State, Ala., 369 So.2d 833 (1979); Hines v. State, Ala., 384 So.2d 1171, cert. denied, Ala., 384 So.2d 1184 (1980).
However, the mere fact that an appellant is “functionally illiterate” or simpleminded will not vitiate the “voluntariness” of his confession. Elrod v. State, 281 Ala. 331, 202 So.2d 539 (1967); Arnold v. State, Ala.Cr.App., 348 So.2d 1092, cert. denied, Ala., 348 So.2d 1097 (1977), and cases therein cited; Parker v. State, Ala.Cr.App., 351 So.2d 927, cert. denied, Ala., 351 So.2d 938 (1977); Jackson v. State, Ala.Cr.App., 375 So.2d 1271, cert. denied, Ala., 375 So.2d 1274 (1979). We held in Jackson, supra, that the defendant’s confession under the circumstances was “voluntary” in spite of proof of “mild retardation” and “functional illiteracy”.
We are of the opinion that the appellant’s low mentality (in this case) should go to the weight and credibility of his confession rather than to its admissibility. Elrod v. State, supra. We are of the opinion that the evidence in this record fully supports the trial court’s ruling that the confession was “voluntarily” given by appellant after a “knowing and intelligent” waiver of his Miranda rights. Therefore, the trial court’s decision in this matter should be upheld. Rhine v. State, Ala.Cr. App., 360 So.2d 1056, cert. denied, Ala., 360 So.2d 1060 (1978), and cases cited therein; Garrison v. State, Ala.Cr.App., 372 So.2d 55 (1979); Hall v. State, Ala.Cr.App., 399 So.2d 348 (1981).
This record is free of error. This cause is therefore affirmed.
AFFIRMED.
All the Judges concur.