Larry Dennard, Jr. was indicted by the Barbour County Grand Jury for the February 10, 1981, first degree burglary of the dwelling of General Lee Bentley. Trial was had on March 17, 1981 with the jury finding appellant guilty as charged. The trial court sentenced appellant to ten years' imprisonment. From that conviction he now appeals in forma pauperis.
During the early morning hours of February 10, 1981, appellant and two others drove to the residence of General Lee Bentley. The three entered Mr. Bentley's trailer, apparently looking for marijuana supposedly belonging to Mr. Bentley's son, whom they had previously picked up. Their commotion awakened Mr. Bentley. He identified appellant as the one having the pistol. He stated appellant fired the gun once inside the trailer and once outside. Mr. Bentley testified that appellant made numerous threats upon his life.
Appellant led Mr. Bentley outside where a struggle ensued. Mr. Bentley was able to chase appellant away. He returned to his trailer, procured a rifle, and shot the other intruders. Subsequently, appellant returned to the scene where he was arrested.
Appellant's confession was admitted into evidence wherein he admitted entering Mr. Bentley's trailer with a pistol, pointing it at him, and firing it twice, once inside the trailer and once outside of it.
Appellant raises no issue on appeal as to the sufficiency of the State's evidence. Nevertheless, after a careful review of the evidence presented on behalf of the State, we find no error in the trial court overruling appellant's motion to exclude the State's evidence and submitting it to the jury for its consideration. § 13A-7-5 Code of Ala. (Supp. 1979).
 I
Appellant argues that the trial court erred in denying him the right to cross-examine Mr. Bentley concerning an event occurring approximately two years prior to the instant incident where Mr. Bentley and his wife supposedly caught a ride with appellant and/or his confederates in exchange for their having sexual relations with his wife. Appellant's intentions were disclosed during his proffer to the trial court outside the presence of the jury.
As this court stated in Hill v. State, Ala.Cr.App.,366 So.2d 296, 314 (1978); affirmed, Ala., 366 So.2d 318 (1979): *Page 410 
 "Evidence, to be competent and admissible, must be relevant. That is to say, evidence must tend to prove or disprove the issues before the jury. The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. It is, therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy." (Citations omitted).
See also McLeod v. State, Ala.Cr.App., 383 So.2d 207 (1980);Hembree v. City of Birmingham, Ala.Cr.App., 381 So.2d 664
(1980).
We find appellant's inquiry irrelevant to the issues before the jury. Thus, no error was committed by the trial court in its ruling.
 II
Appellant asserts that the trial court erred in admitting his confession into evidence. He contends that at the time of his statement he was intoxicated to the point of mania thereby rendering it involuntary.
Eufaula Police Investigator Early Dinkens, testifying at a hearing outside the presence of the jury, stated that although he could tell that appellant had been drinking, he did not appear drunk or intoxicated on marijuana. No other testimony bearing on appellant's degree of intoxication was offered. He testified to giving appellant his Miranda warnings. Appellant's waiver of rights form containing such was admitted into evidence. Investigator Dinkens stated that no threat, promise, reward, or inducement was made to appellant in exchange for his statement.
In Tice v. State, Ala.Cr.App., 386 So.2d 1180, 1185, cert. denied, Ala., 386 So.2d 1187 (1980), we stated:
 "The voluntariness of an alleged confession is a question of law addressed to the trial court, whose ruling, upon preliminary proof, will not be disturbed on appeal unless it appears to be contrary to the great weight of the evidence or is manifestly wrong. The degree of intoxication which would affect the voluntariness of a statement is a question of fact initially addressed to the trial court and, depending upon its ruling, then to the jury for its consideration.
 "Intoxication, short of mania or such impairment of the will and mind as to make an individual unconscious of the meaning of his words, will not render a statement or confession inadmissible." (Citations omitted).
In the instant case, we find no evidence to support appellant's assertion. Consequently, the trial court properly admitted his confession into evidence.
 III
Lastly, appellant contends that the trial court improperly allowed the State to impeach one of its witnesses.
During the direct examination of State's witness Johnny Parker, who was with appellant and his confederates earlier in the evening on February 9, the State asked him several questions concerning appellant's comments about what he planned to do upon arriving at the Bentley residence. The witness refused to relate the substance of appellant's statements, although he had made a statement to the police that evening reflecting such. The State claimed surprise by the answers of the witness and over objection used his written statement to elicit that appellant had said several times that,
 "`We will go over and pick up Lamar (Bentley) and carry him out to get him drunk, then we'll beat him up, throw him out by the road, and then we will go kill his daddy and rape his mama.'?" (R. 37)
Although one may not generally impeach his own witness, an exception exists where a party may, when put to a disadvantage by unexpected answers for the purpose of showing surprise or refreshing the witness's recollection, ask him if he had not made prior statements inconsistent or contrary to his instant testimony. Under *Page 411 
the theory of surprise, the State may elicit from a witness the fact that he had made prior inconsistent statements and the contents thereof. Isbell v. State, 57 Ala. App. 444,329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976); Edwardsv. State, 51 Ala. App. 433, 286 So.2d 308, cert. denied,291 Ala. 777, 286 So.2d 313 (1973); Allen v. State, 51 Ala. App. 413, 286 So.2d 88 (1973); see also Lake v. State, Ala.Cr.App.,390 So.2d 1088, cert. denied, Ala., 390 So.2d 1093 (1980);Jackson v. State, Ala.Cr.App., 375 So.2d 1271, cert. denied, Ala., 375 So.2d 1274 (1979).
We find no error in the trial court's ruling allowing the State, by way of surprise, to question its witness concerning his prior inconsistent statement and elicit the portions contradictory to his instant testimony.
We have carefully examined this record and find same to be free of error. The judgment of conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.