TAYLOR, Judge.
The appellant, Melvin Sanders, was convicted of first-degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 20 years in the state penitentiary.
The appellant contends that the trial court erred in allowing the State to cross-examine and impeach its own witness without first formally establishing surprise.
During the State’s case-in-chief, Armando Lamar Allen, the appellant’s codefend-ant, was called as a witness. The indictment charged the appellant with robbing the victim of $250.00. However, Allen testified that he and the appellant robbed the victim of $300 worth of “crack” cocaine. On re-direct, the prosecutor was permitted to cross-examine Allen until he finally admitted that he and the appellant had robbed the victim of money instead of cocaine. The State thus impeached its own witness. The prosecution never claimed that it was surprised by Allen’s testimony. A review of the record gives reason to doubt that this was a case of surprise.
It has long been the law in Alabama that when the testimony of a witness is adverse to the party calling the witness, it is proper for the trial court to allow that party, either for the purpose of proving surprise or of refreshing the witness’s recollection, to question the witness regarding prior inconsistent statements. Hamilton v. State, 520 So.2d 155 (Ala.Cr.App.1986), aff’d, 520 So.2d 167 (Ala.1987), cert. denied, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988); Bell v. State, 466 So.2d 167 (Ala.Cr.App.1985); Walker v. State, 416 So.2d 1083 (Ala.Cr.App.1982); Dennard v. State, 405 So.2d 408 (Ala.Cr.App.1981); see also C. Gamble, McElroy’s Alabama Evidence § 165.01(7)(a) (3d ed. 1977). A suggestion by counsel that he is surprised by the testimony of his own witness is a sufficient basis for the trial court to allow counsel to elicit testimony regarding the prior inconsistent statement. Hamilton, supra; Junior v. State, 411 So.2d 850 (Ala.Cr.App.1982); Dennard, supra; McElroy’s § 165.- *120 01(7)(c). Appellate courts will usually “affirm trial courts in disallowing the inquiry unless the party at the time he makes the inquiry states that he makes it for the purpose of showing surprise or to refresh the witness’ recollection, the appellate courts apparently presuming that in the absence of such a statement the inquiry was made for the purpose of impeaching the witness.” (Emphasis added.) McElroy, Asking One’s Own Witness in Alabama About Prior Statements Inconsistent With Witness’ Present Testimony, 4 Ala.Law 98 (1943).
Because it does not appear that the prosecutor was actually surprised, and because no mention of surprise appears in the record, we can only conclude that the prosecutor was attempting to impeach his own witness. This practice violates Alabama’s rules of evidence. Therefore, this case is reversed and remanded to the Circuit Court for Montgomery County so that the appellant may obtain a new trial.
REVERSED AND REMANDED.
All the Judges concur.